788 So.2d 1088 (2001)
George HAGOPIAN and Cheryl Hagopian, Appellants,
v.
PUBLIX SUPERMARKETS, INC., Appellee.
No. 4D99-3301.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
Rehearing Denied August 1, 2001.
Roy D. Wasson, Miami, and Law Offices of Rosen, Switkes & Jove, Miami Beach, for appellant.
*1089 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
WARNER, C.J.
In this appeal from a verdict and judgment in favor of appellee, Publix Supermarkets, Inc., appellant challenges the trial court's direction of a verdict on her spoliation of evidence claim in favor of Publix. That claim was based upon Publix's disposal of a Sprite bottle which either fell or exploded off a shelf, injuring appellant's foot. Because we conclude that appellant presented sufficient evidence on the elements of the cause of action, we reverse.
Appellant, Cheryl Hagopian, was shopping with her father in a Publix store on a Saturday morning in April of 1991. While she was pushing a cart down the middle of the soda isle in her flip-flop sandals, she heard a sudden boom, and "this bottle exploded off the shelf and my foot was in pain." She heard, but did not see, the explosion. She testified that half of the glass bottle and its cap were still inside the six pack of soda on the shelf, but the bottom part had blown out and came to rest by her foot. A store employee testified that there did not appear to be any liquid or part of the bottle left on the store shelf. The store employees also disputed whether the top of the bottle remained in the six pack on the shelf after the incident. The store manager filled out an incident report, but refused to give appellant a copy when she requested it.
The store manager collected the broken bottle pieces and other bottles from the six pack, put them in a bag, and placed the bag in the store's computer room. However, appellant never asked him to save the broken glass.
In July 1991, appellant's attorney wrote to Publix notifying it of appellant's claim. At that time, the attorney did not request that the store save the bottle parts. It appears that some time during the ensuing several months that particular Publix store closed, and the bottles in the bag were discarded.
Appellants, Cheryl and her husband George Hagopian, filed suit against Publix and Coca Cola in 1994 alleging a cause of action for premises liability and strict liability against Publix and products liability against Coca Cola, the producer of Sprite. In April of 1995, Coca Cola requested from Publix the actual bottle involved in the 1991 incident. Publix responded that it had not preserved the bottle in question. Appellants did not request the bottle from either Publix or Coca Cola until a supplemental request for production in February of 1997. After Publix could not produce the bottle, appellants amended their complaint to allege a cause of action against Publix and Coca Cola for spoliation of evidence.
Publix and Coca Cola cross-claimed against each other, and one of Coca Cola's affirmative defenses was that Publix was guilty of spoliation of the bottle. Ultimately, both parties voluntarily dismissed their cross-claims without prejudice. Appellants also dismissed their claim against Coca Cola with prejudice because the parties settled. Publix and appellant subsequently stipulated that any collateral source setoffs from the settlement would be determined after trial, if necessary.
In 1998, appellants moved for sanctions and partial summary judgment based on destruction of the evidence, namely the disposal of the bottle. The court considered whether sanctions were available where Publix inadvertently destroyed the bottles before initiation of the suit and without an order compelling production, and if so, what sanctions were warranted.
The court concluded that there was a duty to preserve evidence, relying on federal *1090 law and St. Mary's Hospital, Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996), in which we held that a plaintiff was able to bring a cause of action for spoliation of evidence where a medical device used during a surgical procedure which resulted in the death of an infant was disassembled prior to suit being filed. The trial court in this case found that the manager's preparation of an incident report on the date of the accident, together with Publix's refusal to give a copy to appellant based upon work product grounds, evidenced Publix's anticipation of litigation and therefore the necessity of preserving the instrumentality of injury, the bottle. Because the destruction of the evidence was not intentional and appellants could proceed without the evidence, the court did not impose the ultimate sanction of summary judgment. Instead, it found that the appropriate sanction was to draw a rebuttable adverse inference that the evidence would have been unfavorable to Publix.
At trial, appellant presented an exploding bottle expert, Dr. Harrenstine, who testified that normally he would reconstruct a product to determine the break pattern. This would allow him to assess whether the product was defective or damaged. Although he testified that the bottle would not have exploded in the absence of someone's negligence, he was significantly impaired in determining whether manufacturing defects were present by not having the bottle pieces or the remaining bottles. If he had the pieces, he would be better able to determine fault for the bottle explosion. Thus, he could not say that there was any evidence that Coca Cola was negligent in bottling or handling the bottle. Moreover, he could not determine if Publix could have mishandled the bottle, causing damage that led to its explosion.
On cross-examination, he admitted that he did not ask for the bottle immediately. When he was first brought into the suit, the claim against Publix did not involve discerning a defect in the product. Instead, "it was a case of a person shopping in Publix and getting hit by an exploding bottle. And I was of the opinion that this shouldn't happen." He was describing a strict liability claim. However, he also noted that if the lawyers had asked him about suing Coca Cola, he would have needed the bottle to prove a defect.
At the close of appellants' evidence, the trial court directed a verdict against appellant on the spoliation claim. The court found that Dr. Harrenstine testified that he did not need the bottle to express his opinions, that he was retained six years after the incident, that even if he had all of the pieces he would be "playing the odds" at reconstruction, and that he may not have requested the bottles in any event. It concluded that appellants could go forward against Coca Cola, Owens Corning (the alleged bottle manufacturer), and Publix without the bottle. Because the court believed that appellants had not been significantly impaired in their ability to prove their claim or a causal relationship between their inability to prove their claim and the evidence destruction, a directed verdict was entered on the spoliation claim.
The jury ultimately returned a verdict finding that Publix did not place a defective product on the shelf which was the legal cause of appellant's injuries and that Publix was not negligent. After denial of a motion for new trial, appellants appealed the final judgment, contending that the court erred in granting the directed verdict on the spoliation claim.
The standard for granting directed verdicts indulges all inferences in favor of the non-moving party. When reviewing directed verdicts, the appellate court "must view the evidence and all inferences of fact in a light most favorable to the *1091 nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." Frenz Enters., Inc. v. Port Everglades, 746 So.2d 498, 502 (Fla. 4th DCA 1999); Clark v. Better Constr. Co., 420 So.2d 929, 930 (Fla. 3d DCA 1982).
The essential elements of a negligent destruction of evidence cause of action are:
(1) existence of a potential civil action,
(2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages.
Continental Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990). See also St. Mary's Hosp., 685 So.2d at 35.
In the instant case, while the trial court focused on appellants' ability to prove their case against Publix, the spoliation claim also was directed at the inability to prove their defect case against Coca Cola and possibly Owens Corning. In fact, Publix asked at trial whether the destruction of evidence claim was directed at appellants' claim against Publix or against the bottle manufacturer. The court stated that the claim was directed at the ability of appellants to proceed against all potential entities.
Appellants' main contention at trial on the spoliation claim was their inability to determine whether there was a defect and who was responsible for it. Thus, they claimed an inability to assess Coca Cola's liability. That was the direct testimony of Dr. Harrenstine. Contrary to the trial court's recollection, the expert never testified that he did not need the bottle to assess Coca Cola's liability, but said he could not determine liability between the manufacturer of the bottle and Coca Cola's liability for creating a defect during bottling the product or delivering it to the store. Although there may be reason for a jury to disregard the expert's testimony, that is for the jury and not the judge.
While it is true that appellants settled with Coca Cola, it does not bar their recovery on the spoliation claim because the settlement should only be used as a setoff. See Builder's Square, Inc. v. Shaw, 755 So.2d 721, 725 (Fla. 4th DCA 1999), rev. denied, 751 So.2d 1250 (Fla.2000). Publix asserts that since the spoliation claim did not allege a diminution of the value of its claim against Coca Cola, then appellants are precluded from arguing that on appeal. However, appellants spoliation claim does allege that they were prejudiced in their opportunity to obtain compensation from the responsible parties as a result of the destruction of evidence.
This case is similar to Miller v. Allstate Insurance Co., 573 So.2d 24 (Fla. 3d DCA 1990). In that case, the plaintiff was injured in an automobile accident. Believing the cause of the accident to be a manufacturing defect in the car, the plaintiff obtained the promise of Allstate, her insurance company which had taken possession of the vehicle, to preserve it. Allstate broke the promise and sold the vehicle to a salvage yard. Allstate then maintained that because of the presumption of a manufacturing defect where the product is destroyed, see Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981), the vehicle's absence did not prevent the plaintiff from proving her case. However, the court rejected that argument, concluding that relying simply on a presumption in the face of likely evidence from the defendant that no defect existed would make recovery by a plaintiff highly improbable. The plaintiffs claim against the automobile manufacturer was thus significantly impaired by the destruction of the vehicle.
*1092 In like manner, appellants' expert stated that he could not determine whether a defect was present in the bottle, nor could he attribute it to mishandling. Appellants' ability to proceed against Coca Cola was thus hampered.
Because appellants proceeded against Publix on a strict liability theory, yet the jury found in favor of Publix, it is likely that the jury did not believe the exploding bottle theory at all and may have surmised that appellant dropped the bottle. Without the bottle, neither side could furnish any kind of definitive explanation of the incident.[1] For that reason and because all inferences are taken favorably to appellants, as must be done in reviewing a directed verdict, we conclude that the court erred in directing a verdict for Publix.
As a result of the directed verdict on the spoliation of evidence claim, the court also refused to give an instruction on the adverse inference which the jury should draw from the destruction of evidence. While the instruction was in line with the court's pretrial sanction order, the trial court denied it because of the directed verdict on the spoliation of evidence count. Because we reverse for reinstatement of the spoliation of evidence count, we also reverse the remaining counts for a new trial on all issues, at which time the court may reconsider the issue anew based upon the evidence presented.
Reversed and remanded.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Publix's expert refuted Dr. Harrenstine's postulation as to how the bottle could have exploded.