865 So.2d 672 (2004)
SAFEGUARD MANAGEMENT, INC. and The Oceanview/Lakeview Trust, Appellants,
v.
Maria E. PINEDO, Appellee.
No. 4D01-5070.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
Marlene S. Reiss of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Miami, for appellants.
Raymond Paparella of Spiegel & Utrera, P.A., Miami, for appellee.
*673 STEVENSON, J.
Appellee, Maria Pinedo, slipped and fell while preparing to take a shower and brought negligence and spoliation of evidence claims against both the owner of the apartment complex and the management company. Pinedo resolved the case against the owner non-judicially, but went to trial on the claims against the management company, resulting in a verdict in her favor on the spoliation claim. We reverse the jury verdict entered in favor of appellee on her spoliation claim because an independent cause of action for spoliation was improper in the context of her case.
Pinedo was a guest in an apartment complex owned by The Oceanview/Lakeview Trust and managed by Safeguard Management, Inc., appellants. While preparing to take a shower, she slipped and fell on water which had accumulated on the bathroom floor. In her amended complaint, Pinedo alleged one count of negligence against both Safeguard Management and The Oceanview/Lakeview Trust. Pinedo averred that appellants were negligent in failing to repair, after notice, the leaky shower head and bathtub faucet which caused water to accumulate on the floor, causing her fall and accompanying injuries. She further alleged that she hit her head on the toilet, which aggravated her injuries because it had an improperly fitted rim and a jagged-edged reservoir.
Pinedo, her counsel, and expert were allowed to inspect the bathroom following the accident. Appellants, who had hired a contractor prior to the accident to update the fixtures in the entire apartment complex, subsequently replaced and discarded the toilet that caused Pinedo's injuries. Judy Ray, the general manager for the apartment complex, testified that the toilet was not preserved because she was informed that Pinedo had completed her testing in the bathroom.
As a result of appellants' failure to preserve the toilet, Pinedo added one count of spoliation against both appellants. The spoliation count alleged that appellants failed to preserve the toilet even though their counsel had given Pinedo verbal assurance that they would. Pinedo alleged that, although she had inspected the bathroom and taken pictures of the toilet, the evidence collected was not of sufficient quality to render an accurate portrayal of the toilet's rim, reservoir, and jagged edge. Her expert also stated that, without the toilet, he could not duplicate the conditions necessary to demonstrate that the tank's rim was of an improper fit or that the leaky faucets caused the fall.
At the close of the evidence, the court instructed the jury that they should consider Pinedo's spoliation claim if they found for appellants and against Pinedo on her negligence claim. The jury ultimately returned a verdict against Pinedo on the negligence claim and in her favor on the spoliation claim.
During the pendency of the parties' appeal, this court issued an opinion on the topic of spoliation claims in the first-party context. See Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251 (Fla. 4th DCA 2003); see also Jost v. Lakeland Reg'l Med. Ctr., Inc., 844 So.2d 656 (Fla. 2d DCA 2003). While we recognize that the parties did not have the benefit of Martino at the time of trial, we are required to apply the law as it exists at the time of the appeal, rather than that which existed when the case was tried. See Fla. Patient's Comp. Fund v. Von Stetina, 474 So.2d 783, 787 (Fla.1985); Kocha & Jones, P.A. v. Greenwald, 660 So.2d 1074, 1075 (Fla. 4th DCA 1995)(citing Lowe v. Price, 437 So.2d 142 (Fla. 1983)). We find Martino to be directly applicable to the instant case and to require reversal.
*674 In Martino, we addressed whether an independent cause of action for spoliation of evidence is proper when the defendant in the spoliation claim is also the defendant in the underlying claim that was allegedly impaired by the loss or destruction of the evidence. See 835 So.2d at 1254. There, the plaintiff's initial claims were based upon negligent maintenance and negligent mode of operation theories. The complaint was later amended to add a distinct claim for spoliation of evidence, predicated upon the defendant's failure to preserve the shopping cart that caused the plaintiff's injuries and the security video that may have recorded the accident. See id. at 1253.
This court concluded that, because of "the adverse inferences and the myriad of other available sanctions" available to remedy the wrong suffered by the plaintiff as the result of the loss of evidence, an independent cause of action for spoliation of evidence is unnecessary and will not lie where the alleged spoliator and defendant in the underlying litigation are one and the same. Id. at 1256. Nevertheless, we remanded for a new trial on the negligent maintenance theory because the trial judge erroneously resolved this claim as a matter of law. The court held that, at a minimum, the missing shopping cart entitled plaintiff to an adverse inference regarding the cart's condition, and, thus, the factual issue of negligent maintenance should have been resolved by the jury. See id.
As was the case in Martino, it was improper for Pinedo to maintain a cause of action predicated upon negligence and an independent cause of action for spoliation where the defendants in each claim were the same. Because the law at the time of trial would have allowed Pinedo to maintain both a spoliation of evidence claim and a negligence claim against appellants, we believe that allowing a new trial, on only the negligence claim, is the just result. If the trial had not included the spoliation count, Pinedo might very well have argued below that the failure to produce the toilet entitled her to an adverse inference unfavorable to appellants or shifted the burden of proof, creating a rebuttable presumption of negligence. See Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701 (Fla. 4th DCA 1995); N.H. Ins. Co. v. Royal Ins. Co., 559 So.2d 102 (Fla. 4th DCA 1990); see also Pub. Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987). Although these remedies were available to Pinedo prior to the Martino opinion, due to the existence of the spoliation claim, they may very well have been strategically less attractive to Pinedo at the trial. Further, the fact that Pinedo prevailed on the spoliation claim suggests that the jury accepted the notion that the loss or destruction of the toilet significantly impaired the ability of Pinedo to prove her case.
Accordingly, we reverse the entry of judgment in Pinedo's favor on the spoliation of evidence claim and reverse and remand for retrial on the negligence claim. In light of our reversal on this basis, we need not address appellants' other claims of error.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.