877 So.2d 843 (2004)
ROYAL & SUNALLIANCE, a foreign corporation, a/s/o R.R. & L.R. Corporation, Inc., Appellants,
v.
LAUDERDALE MARINE CENTER, Appellee.
No. 4D03-2148.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*844 James M. Kaplan, Clifford L. Rostin, and Elise D. Weakley of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Miami, for appellant Royal & Sunalliance.
Stephen C. Irick, Jr. and William R. Boeringer of Hayden and Milliken, P.A., Miami, for appellee.
GUNTHER, J.
Royal & Sunalliance ("Royal") have appealed the trial court's order granting Lauderdale Marine Center's ("LMC") motion to dismiss Royal's spoliation of evidence claim and the trial court's order granting LMC's motion for summary judgment. We affirm on all issues but write to address the spoliation of evidence claim.
In this case, a yacht, the Alicia, owned by R.R. & L.R. Corporation ("R.R.") was being repaired by Cleanse A Yacht, Inc. doing business as Cay Marine, Inc. ("Cay Marine").[1] Cay Marine leases space from LMC and uses the space leased from LMC for vessels it is repairing. The Alicia was in one of these spaces on July 4, 1998 when it caught fire and partially burned. A vessel docked in a space next to the Alicia was also partially burned. R.R. had insurance through Royal, and Royal indemnified R.R. and the owner of the adjacent vessel. Royal filed a subrogation action against Cay Marine to recover amounts paid to R.R. and the owner of the adjacent vessel.
In January 2002, Royal added LMC as a defendant by serving its Second Amended Complaint in which Royal alleged causes of action for negligence and spoliation of evidence against LMC. The spoliation of evidence claim was dismissed without prejudice for failure to state a claim upon which relief could be granted. Royal filed a third complaint attempting to state a cause of action for spoliation of evidence against LMC; however, the trial court again dismissed this claim without prejudice.
Next, Royal filed its Fourth Amended Complaint in which it again attempted to *845 assert a spoliation of evidence claim. In the complaint, Royal asserted that the fire inspectors collected debris from the fire and placed it in barrels; however, at some point between July 4, 1998 and July 13, 1998, the contents of the barrels were thrown away. Royal argued that LMC had a common law duty to preserve the debris and that without this debris it could not prove the exact cause of the fire and who might be responsible. LMC filed a motion to dismiss on which the trial court heard oral argument. The trial court entered an order dismissing this claim with prejudice and eventually consolidated the order dismissing the spoliation of evidence claim with an order granting LMC's motion for summary judgment and issued a final order of dismissal.
As stated above, we write to discuss only the order dismissing the spoliation of evidence claim. "A motion to dismiss tests whether the plaintiff has stated a cause of action." Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001). In reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and it must accept all the allegations in the complaint as true. Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001). "Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review." Bell, 778 So.2d at 1032.
A complaint must contain the "ultimate facts" necessary to support the claim for relief. Fla. R. Civ. P. 1.110(b)(2). Here, in order to properly plead a cause of action for spoliation of evidence, Royal needed to plead facts that could establish the essential elements of this claim. The essential elements of a spoliation of evidence claim are:
(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages.
Hagopian v. Publix Supermarkets, Inc., 788 So.2d 1088, 1091 (Fla. 4th DCA 2001) (quoting Cont'l Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990)). In this case, the issue on appeal involves the second element, that is, whether LMC had "a legal or contractual duty to preserve evidence." Id.
"A duty to preserve evidence can arise by contract, by statute, or by a properly served discovery request (after a lawsuit has already been filed)." Silhan v. Allstate Ins. Co., 236 F.Supp.2d 1303, 1309 (N.D.Fla.2002) (citing Bondu v. Gurvich, 473 So.2d 1307, 1312 (Fla. 3d DCA 1984); Miller v. Allstate, 573 So.2d 24, 27 (Fla. 3d DCA 1990); Strasser v. Yalamanchi, 783 So.2d 1087, 1093-94 (Fla. 4th DCA 2001)). However, here, Royal has not alleged a contractual or statutory duty.[2] Royal also has not alleged that a discovery request was served which required the evidence to be preserved.
Royal has argued, relying on Hagopian, that there can also be a common law duty to preserve evidence before litigation has begun. In Hagopian, a Publix customer, Cheryl Hagopian, brought suit against *846 Publix and Coca Cola after a Sprite bottle exploded and injured her foot while she was shopping in Publix. 788 So.2d at 1089. The Sprite bottle explosion occurred in 1991; however, Hagopian did not file suit until 1994. Id. In the meantime, the Sprite bottle had been destroyed. Id. However, Hagopian does not expressly establish any common law duty to preserve evidence. Instead, in Hagopian, this court focused on Hagopian's ability to prove the case without the destroyed evidence, which involves the fourth and fifth elements of a spoliation claim. Id. at 1091-92.
In Hagopian, this court did mention St. Mary's Hospital, Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996); however, this case also does not establish a common law duty to preserve evidence in anticipation of litigation. In Brinson, the parents of Alonzette Brinson, a nineteen-month-old infant, brought suit against a hospital alleging negligence. Id. at 34. Alonzette suffered cardiac arrest after receiving an elevated amount of anesthesia during surgery to correct a drooping eyelid. Id. During discovery, the Brinsons found out that "the halothane vaporizer used in the anesthesia machine during Alonzette's surgery [had been] ... disassembled." Id. The Brinsons then filed a claim against St. Mary's alleging negligent and/or intentional destruction of evidence. Id. The trial court consolidated the two cases and a jury found for the Brinsons. Id. at 35.
On appeal, this court stated "we find that the trial court did not err in allowing the Brinsons to proceed on an action for the spoliation of evidence." Id. Other than this statement, there is no discussion of duty to preserve the evidence in the opinion at all. Thus, Brinson does not establish a common law duty to preserve evidence in anticipation of litigation. Furthermore, one commentator examined the appellate briefs and found that Brinson's spoliation claim was in fact based on a statutory duty of the hospital to preserve the vaporizer rather than a common law duty to preserve the vaporizer in anticipation of litigation. Robert D. Peltz, The Necessity of Redefining Spoliation of Evidence Remedies in Florida, 29 Fla. St. U.L.Rev. 1289, 1309 (2002).
Thus, neither Hagopian nor Brinson establishes a duty to preserve evidence when litigation is merely anticipated. Accordingly, we find Royal's argument that there was a common law duty to preserve the evidence in anticipation of litigation to be without merit, and thus, we affirm the trial court's dismissal of its claim for spoliation of evidence.
AFFIRMED.
TAYLOR, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority opinion. I am writing to comment on the law review article cited by the majority, Robert D. Peltz, The Necessity of Redefining Spoliation of Evidence Remedies in Florida, 29 Fla. St. U.L.Rev. 1289 (2002). I believe that the article has misconstrued our decision in Hagopian v. Publix Supermarkets, Inc., 788 So.2d 1088 (Fla. 4th DCA 2001), leading a federal court to also misinterpret it. Silhan v. Allstate Ins. Co., 236 F.Supp.2d 1303 (N.D.Fla.2002).
In Hagopian, a bottle on a shelf exploded and injured a shopper's foot. The Publix store manager filled out an incident report, collected the broken bottle pieces and remaining bottles in the six pack, and placed them in the computer room. Three months after the accident, plaintiff's lawyer wrote Publix, notifying it of her claim. During the next several months, however, the Publix store was closed and the evidence was inadvertently destroyed.
*847 Years later, when plaintiff subsequently brought her lawsuit against Publix, she added a claim for spoliation of evidence, alleging that the destruction of the evidence hindered her from proving her case against Coca Cola, as well as the bottle manufacturer, Owens Corning, and Publix. We determined that she could recover on that claim.
Peltz characterizes our holding in Hagopian, on page 1310 of his article, as follows:
Although recognizing that the fragments had been destroyed incidentally and prior to the initiation of suit, the Fourth District nevertheless concluded that the preparation of the incident report, coupled with Publix's refusal to produce it on work product grounds, evidenced that it anticipated litigation, thereby creating a duty to preserve the potential evidence.
As our opinion in Hagopian shows, however, on page 1090, it was the trial court which had reasoned that Publix should have anticipated litigation. Moreover, the trial court used that reasoning only to authorize the jury to draw a rebuttable adverse inference that the lost evidence would have been unfavorable on the negligence claim against Publix. The trial court directed a verdict on the separate spoliation claim against Publix.
We reversed the directed verdict on spoliation, not on the basis that Publix should have anticipated litigation, but because we found the case similar to Miller v. Allstate Insurance Co., 573 So.2d 24 (Fla. 3d DCA 1990). In Miller the plaintiff's insurer had agreed with plaintiff that it would preserve her vehicle, which had been totaled as a result of the accelerator becoming stuck. Her insurer did not live up to its promise and sold the vehicle to a salvage yard, significantly impairing her ability to bring a claim against the manufacturer for a defect. Our reliance on Miller leads me to conclude that the duty in Hagopian arose once Publix preserved the evidence following the accident. Peltz recognizes in his article that a duty to preserve evidence can arise as a result of an express or implied agreement. Id. at 1310.
A duty could also have arisen in Hagopian under the principle that one who has no duty in the first place, but voluntarily undertakes a duty, can be liable for negligence. Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Fidelity & Cas. Co. of N.Y. v. L.F.E. Corp., 382 So.2d 363 (Fla. 2d DCA 1980). Assuming Publix had no duty in Hagopian to preserve the evidence at the time of the accident, and I agree it did not, it did preserve it. Having done so, it could be held liable for negligently discarding it.
A federal court which cited Peltz's article has also characterized Hagopian as holding that Publix had a duty to preserve the evidence for use in anticipated litigation which "arose from the preparation of an incident report coupled with a refusal to give a copy to Ms. Hagopian based on work-product grounds." Silhan v. Allstate Ins. Co., 236 F.Supp.2d 1303, 1313 (N.D.Fla.2002).
At the risk of being repetitious, I would reiterate that it was only the trial court in Hagopian which had followed that reasoning, and then only for the purpose of allowing the jury to draw an adverse inference on the claim that Publix negligently caused the accident. Peltz's fears, that he expresses on pages 1310 and 1311, that the ramifications of Hagopian are "extremely troubling" because every time there are repairs of premises, cars, or machinery involved in accidents, spoliation claims will arise, are in my opinion unfounded.
NOTES
[1] Cay Marine is not a party to this appeal.
[2] In the complaint, Royal did allege that LMC "agreed" to preserve the evidence. However, without more, this allegation is not sufficient to establish that there was a contractual duty. Furthermore, Royal did not properly raise this argument before this court. This argument was not raised in the initial brief but was first raised in the reply brief. See NOS Communications, Inc. v. State, 858 So.2d 362, 363 (Fla. 1st DCA 2003).