PER CURIAM.
William Sullivan, as personal representative of the estate of Guillermo Hernandez, appeals from a final summary judgment entered in favor of the decedent’s employer, defendant, Dry Lake Dairy, Inc. on a spoliation of evidence claim. We affirm.
The decedent died in an accident on a skid-steer loader while he was clearing manure from a cattle lane at a dairy. The trial court granted summary final judgment on the products liability claim against the manufacturer, ruling that at the time of the fatal accident the loader “was not in substantially the same condition as when it was manufactured and sold” by the manufacturer, in that it “had been materially and substantially altered.” That judgment has not been appealed.
The spoliation of evidence claim against the decedent’s employer was based on the loss of the operator’s seat from the loader. Three elements of a spoliation of evidence claim are the existence of a potential civil action, a significant impairment in the ability to prove such action (here the products liability claim), and a causal relationship between the evidence destruction and the inability to prove the lawsuit. See Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004). Appellant failed to establish how the ability to inspect the lost seat could have overcome the problem with the case against the manufacturer, that the skid-steer loader had been materially altered after leaving the manufacturer’s possession. As Dry Lake argues, there was “no causal relationship between the absence of *176 the seat and the exoneration” of the manufacturer.
Affirmed.
KLEIN, GROSS and MAY, JJ„ concur.