904 So.2d 547 (2005)
AMERICAN HOSPITALITY MANAGEMENT COMPANY OF MINNESOTA, Appellant,
v.
Edward P. HETTIGER, III, Appellee.
No. 4D03-2001.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
Rehearing Denied July 15, 2005.
Bard D. Rockenbach, West Palm Beach, and F. Neal Colvin of the Law Offices of Peter J. Delahunty, Palm Beach Gardens, for appellant.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, L.L.P., West Palm Beach, for appellee.
FARMER, C.J.
A hotel operator appeals a mid-trial ruling in favor of a repairman injured on its premises while using one of its ladders. It argues that the trial court erred by instructing the jury as to a rebuttable presumption *548 of negligence. We agree and reverse.
The repairman accompanied other air conditioning service personnel to a Holiday Inn. The repairman borrowed a ladder from the hotel operator to do the repairs. While using the ladder he fell from it and sustained severe injuries. That same day, the hotel operator destroyed the ladder.
The repairman sued the hotel operator in negligence and for spoliation of evidence. Before trial he filed a motion for summary judgment on his spoliation of evidence claim or, alternatively, for an appropriate trial remedy. He argued that if the ladder were available his expert could testify as to the defect in the ladder, that without the ladder he was now at a disadvantage in that he could not prove his claim of negligence. He also pointed out that, with the ladder destroyed, the hotel could even argue that the ladder had not been shown to have been defective.
In response, defendant argued that the hotel had no notice that a claim was imminent, such as a letter from plaintiff advising of a claim and identifying the evidence to be preserved. Nor was there any evidence that the loss of the ladder affected plaintiff's ability to prove his claim; hotel employees had testified in deposition that they knew the ladder was old and that a cross support was broken. Following the arguments the court announced it would deny the motion for summary judgment on the spoliation claim, but would instruct the jury as to a rebuttable presumption of negligence.
At trial, the Judge instructed the jury as follows:
"The Court has determined and now instructs you, as a matter of law, that American Hospitality is responsible for any negligence of the Holiday Inn Express agents and/or employees.
The defendant, American Hospitality disposed of the ladder involved in plaintiff, Edward Hettiger's claim on the date that he was injured. The disposal makes it difficult for the plaintiff to prove that American Hospitality was negligent with regard to the ladder in its condition or that such a condition caused plaintiff's injury.
In situations such as this, the Court has the discretion to shift the burden of proof from the plaintiff, Edward Hettiger, to defendant, American Hospitality. The Court has done so.
As a result of American Hospitality destroying the ladder which is the subject of this lawsuit, the Court has entered a presumption of negligence against Holiday Inn and has determined as a matter of law the following:
1, the ladder is presumed to be defective.
2, the defective ladder is presumed to have caused Edward Hettiger to fall.
This is a rebuttable presumption of negligence and the burden is on the defendant to overcome this presumption by the greater weight of the evidence.
If the defendant does not meet this burden by the greater weight of the evidence, then you must find the defendant negligent. This ruling does not eliminate defendant's right to prove negligence on the part of other parties involved in this case, whether named or not, as well as presenting proof to rebut the presumption of negligence I have instructed you on."
Defendant argues that this instruction went too far, that it assumed the truth of disputed facts and interfered with the jury's function of resolving conflicts in the evidence. Plaintiff argues that this issue was not preserved. We disagree with plaintiff as to the preservation issue, finding (without further elaboration) the question *549 adequately preserved at all critical steps.
Plaintiff contends that this issue is, or should be, governed by Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987). In that case, the court adopted a rebuttable presumption of negligence when a health care provider is unable to produce essential medical records in a medical malpractice action. One court has held that the destruction of critical evidence in a products liability action may give rise to a Valcin instruction, where the party had destroyed the evidence during pretrial testing of the product in spite of an agreement with the opposing party not to do so and to return it in the same condition in which it had been received before the testing. Rockwell Int'l. Corp. v. Menzies, 561 So.2d 677 (Fla. 3d DCA 1990). We have refused to apply Valcin in medical malpractice litigation where the missing medical records were of marginal importance and could not have hindered plaintiff in proving the claim. See Anesthesiology Critical Care & Pain Mgmt. Consultants, P.A. v. Kretzer, 802 So.2d 346, 349 (Fla. 4th DCA 2001).
Here, the hotel operator contends that it had no specific legal or contractual duty to preserve the ladder after the fall. It claims that it had no notice that a claim was imminent. Moreover, it argues, even if it had a duty to preserve the ladder the repairman failed to establish that the destruction impaired his ability to build a prima facie case of negligence. The trial court found that the Valcin instruction was warranted because the hotel operator had disposed of the ladder on the day of the fall and injury, and that loss impaired the repairman's ability to have the ladder tested to show that it was seriously deteriorated and dangerous to use.
In the context of a claim for spoliation of evidence other than medical records, we have held that a defendant could be charged with a duty to preserve evidence where it could reasonably have foreseen the claim. See Hagopian v. Publix Supermarkets, Inc., 788 So.2d 1088, 1090 (Fla. 4th DCA 2001), review denied, 817 So.2d 849 (Fla.2002) (recognizing retail establishment's duty to preserve evidence even without a contractual, statutory or administrative duty). Although this is not a products liability claim directly against a manufacturer, plaintiff's claim was founded on an allegation that the hotel operator knew that the ladder was dangerous to use. Under this circumstance a finder of fact could reasonably conclude that its unavailability was something other than fortuitous.
We agree with plaintiff that the ladder was conceivably critical to its claim against the hotel operator. Our concern is with the nature of the instruction given to the jury. The effect of the instruction was to have the jury begin with a presumption that defendant was negligent in its provision of the ladder and to shift the burden of proof to the defendant to disprove any negligence. We think the court erred in this regard.
The Valcin remedy should not have been employed. Valcin involved a patient's medical malpractice claim against a hospital for negligent performance of tubal ligation surgery. It turned out that the surgeon's report of the operation was lost, and that omission hindered plaintiff in proving the claim of negligent surgery. The lost notes of the surgical procedure were not ordinary business records or, as here, equipment. They were a patient's medical records. As the Third District noted on direct appeal in Valcin, Florida law requires the health care provider to furnish a patient's health care records upon request. Valcin v. Public Health Trust of Dade County, 473 So.2d 1297, 1306, n. 7 (Fla. 3d DCA 1984); see also *550 § 395.202, Fla. Stat. (1981). Moreover, Florida law requires a provider to maintain, among other things, "medical and surgical treatment notes and reports." As Judge Pearson put it, "it is clear to us that the hospital's failure to have maintained and produced a record of Valcin's surgical procedure is a breach of a duty owing to her which cannot go unnoticed and, most assuredly, which cannot inure to the hospital's benefit." Id. at 1306; see also Fla. Admin. Code Ch. 10D-28.59(3). In short the remedy of a rebuttable presumption was fashioned in part because of the unique duties of health care practitioners with regard to patient's medical records. That circumstance is not present in the case we face today.
We think this case falls more logically under our own decision in Jordan ex rel. Shealey v. Masters, 821 So.2d 342, 346 (Fla. 4th DCA 2002), and that of the Third District in Palmas y Bambu, S.A. v. E.I. DuPont de Nemours & Co., 881 So.2d 565 (Fla. 3d DCA 2004). Jordan involved the failure of a party to produce a videotape of an incident, evidence of which had already been presented by audiotape at trial. The court gave an adverse inference instruction whereby the jury could infer the critical fact against the party failing to produce the videotape that had been within its control. Palmas involved a products liability claim in which DuPont conducted its own tests regarding the product during the litigation and then destroyed the evidence of the test and its results. Finding this destruction in violation of a duty to preserve the evidence, the court gave the jury an adverse inference instruction that the jury could infer that the test results were unfavorable to DuPont.
On appeal in Jordan, Judge Warner wrote that "[w]e have found no case approving an instruction for an adverse inference to be drawn from the failure to produce evidence." 821 So.2d at 346. Noting that an inference is a determination of one fact from the existence of another fact, we quoted Ehrhardt for the proposition that it is for the trier of fact to make the determination whether the inferred fact will be determined. Id.; see also Charles W. Ehrhardt, FLORIDA EVIDENCE § 301.1 (2001 ed.). We held that "[f]or the court to tell a jury that an adverse inference may be drawn from the failure to produce evidence invades the province of the jury." Jordan, 821 So.2d at 346.
In Palmas the Third District emphasized that jury instructions must not assume the truth of controverted facts and that ordinarily a court interferes with the jury's function when it gives an instruction about specific facts that are controverted. 881 So.2d at 580. Palmas also drew a distinction between a presumption and an inference, noting that a presumption is stronger and compels the jury to find the presumed fact if the prescribed circumstances are present. Id. at 582. Palmas emphasized that an inference differs qualitatively from the Valcin presumption, which functions to shift the burden entirely as to controverted fact. A jury may accept or reject an inference as it sees fit. Because the lost test results were not crucial to plaintiff's case, the court ruled that any instruction even as to an inference was error in Palmas. Id. at 582-83.
Unlike Jordan and Palmas, the lost ladder in this case was conceivably crucial. Plaintiff argues that it was the very instrument of his fall, and its condition was critical to the question whether the hotel operator was negligent in allowing its use. We do not think it is per se error to give a jury instruction as to an adverse inference. In circumstances where the lost evidence was under the sole control of the party against whom the evidence might have been used to effect, and where the lost evidence is in fact critical to prove the other party's claim, an adverse *551 inference instruction may be necessary to achieve justice in the jury's determination of the case. This would be true where the party failing to preserve the evidence argues that the thing lost was not as represented by the injured party, or that the injured party should not prevail because of the failure to present the evidence foreclosed by the loss of the item.
Here at any trial on remand,[1] it may be proper to instruct the jury that they are free to draw an inference of negligence if the hotel operator's destruction of the ladder affected plaintiff's case unfairly. We leave that decision initially in the hands of the trial court. If the court decides that justice requires an adverse inference instruction, and makes its reasoning apparent on the record, we suggest (but do not require) that the court consider something like this edited example from Palmas:
You have heard testimony about potential evidence which the party having custody failed to produce. Plaintiffs have argued that this evidence was in defendant's control and would have proven facts material to the issue of negligence.
If you find that this evidence was then within defendant's control, that defendant could have preserved this evidence so that it was available for the parties in preparing for trial in this case, and that this evidence would have been material in deciding the facts in dispute in this case, then you are permitted, but are not required, to infer that the evidence would have been unfavorable to defendant.
Any inference you decide to make should be based on all of the facts and circumstances in this case.
Palmas, 881 So.2d at 581 (adapted from Gilbert v. Cosco Inc., 989 F.2d 399, 405 n. 5 (10th Cir.1993)).
Because the jury instruction actually given at trial erroneously treated the matter as a presumption and unfairly shifted the burden of proof as to negligence in the first instance to the defendant we remand the case to the trial court for a new trial.
Reversed.
STONE and MAY, JJ., concur.
NOTES
[1] We note that this case was decided by the jury on the negligence claim only. In the meantime, we have determined that in a first party case plaintiff may not simultaneously maintain both negligence and spoliation claims against the same defendant. Safeguard Mgt., Inc. v. Pinedo, 865 So.2d 672 (Fla. 4th DCA 2004), and Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251 (Fla. 4th DCA 2003). Our remand is therefore limited to the negligence claim only. The citation to Valcin in Safeguard should not be misunderstood as authorizing the presumption of negligence employed in Valcin. Indeed Judge Stevenson's opinion in Safeguard speaks several times of an adverse inference, not of a presumption.