926 So.2d 433 (2006)
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCALS 1416, 1922, 1922-1 AND 2062, etc., et al., Appellants,
v.
MIAMI-DADE COUNTY, etc., et al., Appellees.
No. 3D05-2567.
District Court of Appeal of Florida, Third District.
April 5, 2006.
Rehearing Denied May 4, 2006.
*434 Neil Flaxman, Coral Gables, for appellants.
Murray A. Greenberg, Miami-Dade County Attorney, and Lee Kraftchick, Assistant County Attorney, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
Appellants are the International Longshoremen's Association, Locals 1416, 1922, 1922-1, and 2062 ("ILA"), and members of the Union who work at the Appellee's, Miami-Dade County's ("County") seaport, the Port of Miami ("Port"). In order to access the Port's cargo area where Appellants work, Appellants were required to obtain and present identification cards, which are issued by the County on an annual basis for a certain fee and are renewable each year absent certain disqualifying offenses.
In July 2004, the Coast Guard notified the Port that its security was at risk due to a number of security breaches, including access control problems arising out of the issuance of identification cards without sufficient scrutiny. In response to the Coast Guard's warning, the Port took certain remedial measures, including temporarily suspending all Port security clearances for a period of several weeks. While the clearances were suspended, the County investigated whether any identification cards had been issued improperly.
Appellants filed a complaint claiming that, by temporarily suspending their security clearances at the Port, the County deprived them of a property interest without due process of law in violation of Title 42, United States Code, Section 1983. The trial court granted the County's motion to dismiss, finding that Appellants did not have a protected liberty or property interest in a government security clearance or a job requiring a security clearance. The court also concluded that, even if there was a protected interest, due process was not implicated because the suspension of security clearances was the result of a *435 legislative decision applicable to all persons seeking access to the Port. We affirm.
The order granting the County's motion to dismiss is a question of law subject to de novo review. Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004). When considering a motion to dismiss, we must accept the allegations contained in the four corners of the complaint as true, and determine whether the allegations support a claim for relief. Id.
In order to state a due process claim under 42 U.S.C. § 1983, Appellants must first show that they have a constitutionally protected interest. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). Appellants must next show that the government interfered with their constitutionally protected interest without affording them sufficient due process procedures. Id.
Appellants contend that they have a property interest in their jobs at the Port through a collective bargaining agreement between their union and various companies doing business at the Port. See Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). Appellants further contend that they were deprived of their property interest without notice or opportunity to be heard when their identification cards were summarily seized. They assert that the County could have used less intrusive means to verify security of the cards, which would have minimized their loss of income.
In response, the County argues that Appellants failed to show that they had a liberty or property interest in maintaining security clearances at the Port. See Dep't of Navy v. Egan, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). The County further argues that, even if Appellants enjoyed a right to a security clearance, the County provided them with sufficient due process because legislative acts of general application provide all of the process which is due. See Meola v. Dep't of Corrs., 732 So.2d 1029, 1035 (Fla.1998)(finding that across-the-board legislative suspensions of government-created rights do not require individualized hearings).
We find that Appellants failed to demonstrate the existence of a constitutionally protected property or liberty interest. In Egan, a case involving a Navy employee who had been discharged after his security clearance was revoked, the Supreme Court stated that "no one has a `right' to a security clearance." Egan, 484 U.S. at 528, 108 S.Ct. 818. Furthermore, the Third Circuit has observed that, since the Supreme Court's decision in Egan, "every court of appeals which has addressed the issue has ruled that a person has no constitutionally protected liberty or property interest in a security clearance or a job requiring a security clearance." Stehney v. Perry, 101 F.3d 925, 936 (3d Cir.1996) (citations omitted). Therefore, we cannot find that Appellants enjoyed a constitutionally protected interest in their security clearance identification cards.
In support of their position, Appellants rely on Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). In Greene, an employee of a government contractor was discharged from his position after his security clearance was revoked. Greene, 360 U.S. at 475-76, 79 S.Ct. 1400. The Supreme Court found that the employee had a property interest in his employment and a liberty interest in his freedom to practice a chosen profession. Id. at 492, 79 S.Ct. 1400. The Court further found that the revocation of the employee's security clearance destroyed his ability to obtain employment in the aeronautics field. Id. The Supreme Court concluded that, since the government severely limited the *436 employee's work opportunities, the employee should have been afforded a hearing which comported with traditional notions of fair process and procedure. Id. at 508, 79 S.Ct. 1400.
Although we recognize that there is a constitutionally protected interest in an individual's ability to follow a chosen trade or profession, we conclude that this interest was not implicated in the instant case. In Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), the Supreme Court found that a union cafeteria worker employed at a military facility was not denied due process when her security clearance was summarily revoked because her right to engage in a chosen profession was not affected. The Supreme Court noted that the employee was simply denied an opportunity to work at one specific military facility. Id. at 896, 81 S.Ct. 1743.
Similarly, in the instant case, Appellants were denied access to the port while their security clearances were being verified. Appellants were not deprived of their right to engage in a chosen trade or profession as they were not precluded from obtaining employment at another port facility. Moreover, Appellants' access to the Port was only temporarily restrained while the Port was undergoing certain security verifications, which were mandated by the Coast Guard. Therefore, the County was not required to provide Appellants with individual due process hearings. See Cafeteria, 367 U.S. at 898, 81 S.Ct. 1743; Artist v. Virginia Int'l Terminals, 679 F.Supp. 587, 595 (E.D.Va.1988).
Accordingly we affirm the trial court's finding that Appellants did not have a protected property or liberty interest in a security clearance or a job requiring a security clearance.
We affirm all other issues on appeal.
Affirmed.