968 So.2d 674 (2007)
Rose J. SPANO, Appellant,
v.
Lorraine HOFFMAN, Melissa Mara, and Kenneth Marvin, Appellees.
No. 4D07-657.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Rehearing Denied December 11, 2007.
Diane H. Tutt of Diane H. Tutt, P.A., Davie, for appellant.
Barry Richard and M. Hope Keating of Greenberg Traurig, P.A., Tallahassee, for appellees.
PER CURIAM.
The plaintiff appeals the dismissal with prejudice of her fourth amended complaint for defamation and tortuous interference with business relationships. The dismissal was based on the trial court's determination that the alleged statements were absolutely privileged because they were made by Florida Bar employees in connection with their official duties during *675 the course of Bar disciplinary proceedings. We affirm the dismissal as to defendants Lorraine Hoffman and Kenneth Marvin because the complaint alleged that these two defendants were employees of The Florida Bar. See Hauser v. Urchisin, 231 So.2d 6, 8 (Fla.1970) (extending absolute immunity to officials of all branches of government); R. Regulating Fla. Bar, Introduction (2006) (stating that the Florida Bar is an "official arm" of the Florida Supreme Court); Mueller v. The Florida Bar, 390 So.2d 449, 452-53 (Fla. 4th DCA 1980) (stating that The Florida Bar and its agents acting within the scope of their office are protected from liability for publication of defamatory matter by an absolute privilege).
We reverse the dismissal with prejudice, however, as to the defendant Melissa Mara because the fourth amended complaint does not allege that she was employed by the Florida Bar or that she had any relationship to the Florida Bar or any other governmental agency. Thus, the trial court erred in dismissing the complaint against Melissa Mara on absolute immunity grounds. See Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004)(stating that in reviewing a motion to dismiss the trial court is limited to the four corners of the complaint).
We reject the plaintiff's argument that the trial court erred in dismissing the complaint against Hoffman and Marvin on grounds of absolute privilege because the complaint alleged that the defamatory statements were made intentionally and maliciously. An absolute privilege attaches regardless of whether such statements were made with malice, so long as the employees were acting within the scope of their duties. See Mueller, 390 So.2d at 452; Tucker v. Resha, 634 So.2d 756, 758-59 (Fla. 1st DCA 1994).
Affirmed in part, Reversed in part.
SHAHOOD, C.J., FARMER and TAYLOR, JJ., concur.