SASSO, J.
This case presents the issue of whether Florida law imposes a duty on nonparties to litigation to preserve evidence based solely on the foreseeability of litigation. We hold that it does not and therefore affirm the summary final judgment in favor of Appellee, Tracey Remark.
Factual Background and Procedural History
Appellant, Shamrock-Shamrock, Inc. ("Shamrock"), owns property in Daytona Beach that it sought to rezone and develop into a hotel and marina. The City of Daytona Beach Zoning Department considered and denied Shamrock's rezoning request. Shamrock appealed, but the Daytona Beach Planning Board upheld the decision. Remark was a member of the Planning Board at the time.
Thereafter, Shamrock sued the City of Daytona Beach and its Planning Board (collectively "the City"), eventually alleging that the City intentionally and for its own gain thwarted Shamrock's right to develop its property.
Remark was never a party to Shamrock's action against the City. However, Shamrock's operative complaint contained two references to Remark in its general allegations. The first was an allegation that prior to joining the Planning Board, Remark had sent a letter to a Planning Board member opposing Shamrock's rezoning request. The second reference was an allegation that after joining the Planning Board, Remark took part in hearings before the Board and voted on Shamrock's appeal *1202 "despite having bias and a pre-determined opinion against SHAMROCK, the Hotel and the Marina."
During Shamrock's litigation against the City, Shamrock sought to take Remark's deposition. It served several notices of deposition and subpoenas on Remark, beginning in May 2011 and ending ten months later with a sixth amended notice of taking deposition. Only the sixth amended notice, served on March 28, 2012, included a duces tecum request for documents to be produced at the deposition.
Remark's deposition was taken on April 20, 2012. Relevant to this appeal, Remark testified during her deposition that she had obtained a new desktop computer and had destroyed her old computer in December 2011. She did not preserve any records, documents, or emails from her old computer and did not inform anybody, including the City Attorney, that she was destroying it. She did not review her old computer to see if it contained documents relevant to the notices of taking deposition she received to date. Overall, Remark's testimony established that she destroyed her old computer after receiving the first deposition notice but before receiving the sixth amended deposition notice that for the first time included a duces tecum request.
Shamrock thereafter filed a two-count complaint against Remark, alleging that Remark either intentionally destroyed her old computer or "negligently destroyed [it] in bad faith." In that case, Remark and Shamrock filed competing motions for summary judgment regarding whether Remark had a duty to preserve her computer or its contents. Shamrock argued, inter alia, that Remark had a duty to preserve evidence because she had notice of the litigation between Shamrock and the City by virtue of the complaint and deposition notices, even though those notices did not specifically request that Remark produce any tangible items. Shamrock argued, citing League of Women Voters of Florida v. Detzner , 172 So.3d 363 (Fla. 2015), that Remark therefore had a duty to preserve evidence based on the foreseeability of litigation.
The trial court denied Shamrock's summary judgment motion and granted Remark's. It found that there was no genuine issue of fact that Remark had no statutory or contractual duty to preserve evidence; thus, Shamrock had to rely on a duty imposed by a discovery request. It also found no genuine issue of fact that by the time Shamrock served Remark with a subpoena duces tecum , she already had destroyed her old computer. As a result, the trial court held that Remark had no legal duty to preserve her old computer or its contents on the date she destroyed it.
Standard of Review
Our standard in reviewing the trial court's summary judgment order is de novo. Baxter v. Northrup , 128 So.3d 908, 909 (Fla. 5th DCA 2013). In evaluating the trial court's order, we must determine if the record evidence presented to the trial court shows there is no genuine dispute regarding the material facts. Id. We view the facts in the light most favorable to the non-moving party below. Id.
Analysis
Unlike some jurisdictions, Florida courts have recognized an independent cause of action for spoliation of evidence against third parties that accrues when a person or entity, though not a party to the underlying action causing the plaintiff's injuries or damages, loses, misplaces, or destroys evidence critical to that action.[1] See , *1203 e.g. , Gayer v. Fine Line Constr. & Elec., Inc. , 970 So.2d 424 (Fla. 4th DCA 2007) (holding that special employer had duty under workers' compensation law to preserve evidence for injured laborer's claim against third-party tortfeasor based on section 440.39(7), Fla. Stat.).
To establish a spoliation cause of action, the plaintiff must prove each of the following six elements: (1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages. Gayer , 970 So.2d at 426 (citation omitted); Cont'l Ins. Co. v. Herman , 576 So.2d 313, 315 (Fla. 3d DCA 1990) (citation omitted). This appeal involves only the second element, whether Remark had a duty to preserve evidence.
As to duty, Florida courts have held a duty may arise in third-party spoliation cases based on the existence of a contract, statute, or properly served discovery request. See , e.g. , Gayer , 970 So.2d at 426 ("Because a duty to preserve evidence does not exist at common law, the duty must originate either in a contract, a statute, or a discovery request." (citing Royal & Sunalliance v. Lauderdale Marine Ctr. , 877 So.2d 843, 845 (Fla. 4th DCA 2004) ) ). However, neither the Florida Supreme Court nor Florida's intermediate appellate courts have imposed a common law duty on a third party to preserve evidence based on foreseeability, or even actual knowledge, of litigation. Even so, Shamrock cites several cases to support its contention that third parties have an affirmative duty under Florida law to preserve evidence based on foreseeability of litigation. We address several of those cases in turn.
Primarily, Shamrock relies on Detzner , 172 So.3d 363, a case in which the trial court drew an adverse inference from the Florida Legislature's deletion of documentation relating to its redistricting plan. Shamrock's reliance on Detzner is misplaced for two reasons. First, Detzner was not a third-party spoliation case. Second, the language relied on by Shamrock is dicta. Specifically, the Florida Supreme Court stated in dicta that Florida courts have found a duty to preserve evidence when "a party should reasonably foresee litigation." 172 So.3d at 391 (citing Am. Hospitality Mgmt. Co. of Minn. v. Hettiger, 904 So.2d 547, 549 (Fla. 4th DCA 2005) ). Notably though, the supreme court did not apply a presuit duty in that case. Id. Instead, it affirmed the trial court's adverse inference as a sanction, stating that "even in the absence of a legal duty," spoliation of evidence results in an adverse inference against the party that discarded or destroyed the evidence. That limited dicta cannot be said to establish an affirmative third-party duty under Florida law.
Nor does Hettiger , cited by the supreme court in Detzner , establish a common law duty to preserve evidence. Hettiger , like Detzner , discussed the obligations of a party to litigation and noted that a defendant[2] *1204 could be charged with a duty to preserve evidence where it could reasonably have foreseen the claim. Hettiger , 904 So.2d at 549 (citing Hagopian v. Publix Supermarkets, Inc. , 788 So.2d 1088, 1090 (Fla. 4th DCA 2001) ). However, the duty issue was not discussed in detail and was not relevant to the court's ultimate holding. Instead, the Hettiger court was primarily concerned with an erroneous jury instruction establishing a rebuttable presumption of negligence given as a result of the spoliation. Id. at 551.
Further, the Fourth District later clarified that the duty issue was not relevant to its holding in either Hagopian or St. Mary's Hospital, Inc. v. Brinson , 685 So.2d 33 (Fla. 4th DCA 1996), a case it cited in Hagopian . Royal & Sunalliance , 877 So.2d at 845-46. Indeed, the Fourth District declared that "neither Hagopian nor Brinson establishes a duty to preserve evidence when litigation is merely anticipated." Id. at 846.
While the aforementioned cases touched on the possibility that a party to litigation may have a presuit duty to preserve relevant evidence, none of those courts reached that ultimate issue in their holding. Likewise, none of those cases address a nonparty's duty to preserve.
Shamrock also cites to this Court's decision in Torres v. Matsushita Electric Corp. , 762 So.2d 1014 (Fla. 5th DCA 2000), as "instructive." To the contrary, the Torres majority opinion does not analyze the duty issue at all. Instead, this Court sitting en banc issued a per curiam opinion with a majority of the court concurring that the purchaser of a vacuum cleaner, which allegedly caught fire, could not raise a legal inference that the product was defective because the product was unavailable due to the purchaser's negligent destruction of the vacuum. Torres, 762 So.2d at 1014-18. Even so, Shamrock relies on language from a concurring and concurring specially opinion stating, "If one knows that he, she, or it is about to become involved in a civil action, this alone should be sufficient special circumstances to impose a duty of care to preserve such evidence in such potential party's possession that a reasonable person would foresee is material to that action." Id. at 1019 (Harris, C.J., concurring and concurring specially). We note that as a concurring opinion, the opinion on which Shamrock relies has no precedential value and that the only support cited in the opinion is an Illinois case. Thus, Torres similarly does not establish the duty Shamrock promotes.
Because we conclude that no Florida court has yet recognized a common law duty for third-party preservation of evidence based on the knowledge or foreseeability of litigation,[3] we now consider whether we should. Our inquiry begins by determining whether, and under what circumstances, a duty to preserve evidence arises. In evaluating the existence of a common law duty, courts assess the interests of each party and society to determine whether a duty should be imposed. Rupp v. Bryant , 417 So.2d 658, 667 (Fla. 1982).
*1205 " '[D]uty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection [or not]." Gracey v. Eaker , 837 So.2d 348, 354-55 (Fla. 2002) (quoting Rupp , 417 So.2d at 667 ).
Under this framework, jurisdictions that permit an independent tort for third-party spoliation generally decline to recognize a broad, common law duty to preserve evidence. Holmes v. Amerex Rent-A-Car, 710 A.2d 846 (D.C. 1998) ("There is no general duty in the common law to preserve evidence in a third-party spoliation situation."); Koplin v. Rosel Well Perforators, Inc. , 241 Kan. 206, 734 P.2d 1177, 1179 (1987) (noting general rule that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against third party); Coleman v. Eddy Potash, Inc. , 120 N.M. 645, 905 P.2d 185, 191 (1995) ("We hold that in the absence of [certain enumerated circumstances] a property owner has no duty to preserve or safeguard his or her property for the benefit of other individuals in a potential lawsuit."), overruled on other grounds by Delgado v. Phelps Dodge Chiro, Inc. , 131 N.M. 272, 34 P.3d 1148 (2001) ; Hannah v. Heeter , 213 W.Va. 704, 584 S.E.2d 560, 568 (2003) (stating "there is no general duty to preserve evidence" in third-party spoliation cases); Andersen v. Mack Trucks, Inc. , 341 Ill.App.3d 212, 276 Ill.Dec. 203, 793 N.E.2d 962, 966 (2003) (noting no general duty to preserve evidence exists).
And in defining the scope of a third party's duty in spoliation cases, courts tread carefully due to a number of competing concerns. Chief among those concerns is respect for individual property rights. See , e.g. , Fletcher v. Dorchester Mut. Ins. Co. , 437 Mass. 544, 773 N.E.2d 420, 424-25 (2002) ("Automatic imposition of such a duty [to preserve evidence] on all witnesses would interfere with a witness's own property rights."); Hannah , 584 S.E.2d at 568 ("According to the individual autonomy theory, tort liability for spoliation interferes with individual property rights." (quoting Bart S. Wilhoit, Spoliation Of Evidence: The Viability Of Four Emerging Torts , 46 UCLA L. Rev. 631, 671 (1998) ) ). Courts have also raised concerns with third-party spoliation litigation, such as ensuring the finality of judgments, the potential for conflicting judgments, speculative damages, and imposing undue financial burdens on nonparties to litigation. See , e.g. , Temple Cmty. Hosp. v. Superior Court , 20 Cal.4th 464, 84 Cal.Rptr.2d 852, 976 P.2d 223, 230 (1999) (noting potential for meritless claims and confusion of jury exists in third-party spoliation situations); Trevino v. Ortega , 969 S.W.2d 950, 952 (Tex. 1998) (acknowledging courts that have recognized evidence spoliation tort note that damages are speculative); Metlife Auto & Home v. Joe Basil Chevrolet, Inc. , 303 A.D.2d 30, 753 N.Y.S.2d 272, 281-82 (2002), aff'd , 1 N.Y.3d 478, 775 N.Y.S.2d 754, 807 N.E.2d 865 (2004) (noting that benefits of recognizing action for third-party spoliation are outweighed by burden to litigants, witnesses, and judicial system that would be imposed by potentially endless litigation over speculative loss and by cost to society of promoting onerous record and evidence retention policies).
Weighed against these considerations, courts have recognized the importance of ensuring that spoliation does not improperly impair a litigant's rights. But as other jurisdictions have noted, and as is available in Florida, litigants may employ various legal mechanisms to impose upon a third party a duty to preserve necessary evidence. For example, a third party may be required to produce particular evidence it *1206 possesses in response to a subpoena duces tecum , which may be enforced by court orders and the sanction of contempt. See Fla. R. Civ. P. 1.410(c), (f).
In this case, there was no statute, contract, or discovery request that would impose a clearly defined duty on Remark to preserve any potentially relevant evidence. Thus, a duty would arise only through Remark's purported knowledge of Shamrock's pending litigation and her anticipation that something in her control could potentially be of use to that litigation. As such, Shamrock would like us to announce that Remark owed a duty to it based on the foreseeability of litigation. Considering the traditional approach to defining legal duty, we decline to do so. Indeed, such a broad pronouncement would be tantamount to declaring a general legal duty on any nonparty witness to anticipate the needs of others' lawsuits. There are innumerable circumstances in which a nonparty to litigation may have evidence relevant to a case and may know of its relevance. But that knowledge, by itself, should not give rise to a duty to safeguard the evidence in anticipation of litigation. Mukamal v. Gen. Elec. Capital Corp. (In re Palm Beach Fin. Partners II, L.P.) , 517 B.R. 310, 327 (Bankr. S.D. Fla. 2013) ("In fact, 'that an actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action unless a special relationship exists between the actor and the other which gives the other the right to protection.' " (quoting Delgado v. Lohmar, 289 N.W.2d 479, 483 (Minn. 1979) ) ). While we do not speculate as to every circumstance under which a third party to litigation may have a legal duty to preserve evidence, we hold that the trial court properly determined here that Remark did not owe a legal duty to Shamrock. The summary judgment in favor of Remark is affirmed.
AFFIRMED.
COHEN and EISNAUGLE, JJ., concur.

In contrast, "[f]irst-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages." Martino v. Wal-Mart Stores, Inc. , 908 So.2d 342, 346 n.2 (Fla. 2005). An independent cause of action does not exist for first-party spoliation of evidence. Id. at. 347.

The plaintiff in Hettiger sued the defendant for both negligence and spoliation of evidence. The jury decided the case on the negligence claim only and the Fourth District noted its intervening decision that a first party may not maintain both negligence and spoliation claims against the same defendant. 904 So.2d at 551 n.1.

Sponco Manufacturing, Inc. v. Alcover , 656 So.2d 629 (Fla. 3d DCA 1995), and Palmas Y Bambu, S.A. v. E.I. DuPont de Nemours & Co. , 881 So.2d 565 (Fla. 3d DCA 2004), also do not establish a third-party duty to preserve evidence based on the foreseeability of litigation. In Sponco , the issue on appeal was the propriety of the sanction and not whether the manufacturer had a duty to preserve the ladder. 656 So.2d at 630. In Palmas , the court "assume[d] for the sake of discussion the trial court correctly determined a duty was owed" and therefore did not decide whether the third party in that case had a duty to preserve evidence. 881 So.2d at 580 n.11.