PER CURIAM.
On February 18, 1965, Fla.App., 171 So.2d 614, we relinquished jurisdiction of this cause to the trial court to enable appellant, defendant below, to file there and have disposed of a motion under Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A. *813 Accordingly, the defendant filed a motion under the rule (1 )to vacate the final judgment for plaintiff, (2) to vacate a prior order of the trial court denying defendant’s motion to set aside the verdict and judgment in accordance with its Motion for Directed Verdict and Alternate Motion for New Trial, and (3) to reconsider said prior motions and enter judgment for defendant or grant defendant a new trial. The motion asserts:
“Because of mistake, inadvertence, and surprise, this Court’s attention was not called to the fact that on December 11, 1962, some sixteen months prior to the trial date, sworn answers to the request for admissions denying that the plaintiff’s decedent was an employee of the defendant on the date of his alleged injury were filed with the Court and served upon the plaintiff Irma Ruth Kirkland Wood, as Admin-istratrix of the Estate of James Powell Wood, deceased. Such fact was material to the motions filed, and this defendant respectfully requests this Court to reconsider the Motion to Set Aside Verdict and Judgment in Accordance with Motion for Directed Verdict and to enter judgment for this defendant, or to grant its Motion for New Trial.”
. Upon considering said motion the trial court held that our opinion of February 18, 1965, restricted the trial court to the matter of' receiving said motion and thereupon passing on the sole question of whether defendant’s failure within the period provided by rule 1.30, Florida Rules of Civil Procedure, to verify its initial response to plaintiff-appellee’s request No. 1 for admission, which request was filed November 14, 1962, should be deemed cured nunc pro tunc, having in mind that the defendant on December 11, 1962 (approximately sixteen months before the trial) filed a verified response denying the employment thereby requested to be admitted; and further having in mind that the subject of said employment was specified by the pretrial order as constituting one of the issues to be tried, and that it was not until at an advanced stage of the trial proper that the matter of the failure to verify the original response was brought to the attention of the court. In that particular the court said:
“ * * * it is my construction that regardless of the relief prayed for by the motion of the defendant, I am empowered and I have jurisdiction only to grant relief as to the permission to the defendant to verify nunc pro tunc those responses to admissions. There is no area permitted in the opinion of this Court by the action of the Court of Appeal for the assumption of any further jurisdiction.
“To put [it] in the vernacular, I construe the direction of the Court of Appeal as saying that on a proper motion the Trial Court should permit the defendant to remedy its omission and then toss the ball back to the Court of Appeal to determine whether or not the evidence adduced on the question of employment was sufficient to sustain the verdict.”
When it was suggested by counsel for defendant that rule 1.38(b), F.R.C.P., permits the trial court upon motion and proper grounds to relieve a party of a final judgment, the trial judge said:
“I’m aware of that, but I don’t think the Court of Appeals has empowered us to go that far.”
We were careful by our former opinion to point out that the action of the trial court in visiting upon defendant a conclusive admission of defendant’s employment of the decedent at the time of his injury, due solely to defendant’s failure to answer under oath the mentioned request for admission strictly within the time prescribed by rule 1.30, F.R.C.P., had the effect of restricting the jury’s deliberations exclusively to the issue of negligence. The degree of proof required to establish negligence within the purview of the Federal Employer’s Liability Act is substantially *814 less than that required in actions where the act is inapplicable. Our review of the evidence in this cause touching upon the issue of negligence compels the conclusion that it cannot be said that the jury would have resolved the issue of negligence against the defendant if it had been at liberty to find as a matter of fact that decedent was not in defendant’s employ, nor can we conjecture that had the jury been permitted to resolve the issue of employment and had nevertheless returned its verdict for the plaintiff, that the court would have sustained such verdict in the light of the evidence.
It is obvious, therefore, that on the previous trial the defendant was wrongfully deprived of the right to have the jury resolve the material issue of whether the decedent was in defendant’s employ. In view of the trial court’s disposition of defendant’s motion under rule 1.38(b), F.R.C.P., the judgment appealed must be and it is hereby vacated and this cause is remanded with directions to grant a new trial.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.