WIGGINTON, Judge.
This is the third appearance of this case before this court.[1] On the last appearance we remanded the cause to the trial court for a new trial on the sole issue of whether plaintiff’s decedent was an employee of defendant railway company at the time he received the injuries which resulted in his death. It was and is the contention of defendant that at all times pertinent to this controversy plaintiff’s decedent was an employee of Georgia Southern and Florida Railway Company, and not of defendant.
Upon a retrial of the cause the jury rendered its verdict in favor of the plaintiff. Defendant has again appealed, questioning the propriety of the trial court’s order denying its motion for a directed verdict, challenging the correctness of certain instructions on the law given at the conclusion of the trial, and failure of the court to grant its post-trial motions for judgment or, in the alternative, for a new trial.
A review of the record reveals the following evidence touching upon the business relationship of plaintiff’s decedent with defendant. The evidence includes copies of the W-2 Federal income withholding tax statements furnished decedent during the last five years of his employment in which defendant was designated as decedent’s employer; the watch comparison card held by decedent was issued and delivered to him by defendant; copies of numerous payroll checks payable to decedent during the last period of his employment were drawn by the treasurer of defendant, and signed by its comptroller; the railroad yard where decedent worked as a member of a train switch *835 ing crew during the last years of his employment was known as the “Southern Yard” and was owned by defendant, Southern Railway Company; no locomotive owned by any railroad company other than defendant was used in connection with the work in and about the railroad yard where decedent worked, and no locomotive owned by Georgia Southern and Florida Railway Company had been seen on or around the yard for a period of some fourteen or fifteen years prior to the time decedent was injured; all mechanics working in the railroad yard where decedent was employed were admittedly the employees of defendant; and, all repairs and inspections made in the railroad yard where decedent worked were by employees of the defendant. Although defendant adduced evidence seeking to explain away the apparent effect of plaintiff’s evidence, and to demonstrate that plaintiff’s decedent was in fact the employee of another railroad company not a party to the suit, the jury had the choice of deciding which witnesses and evidence it would believe in resolving the issue submitted to it for its determination.
It is our view that the foregoing evidence was sufficiently competent and substantial to support the jury’s verdict and withstand the assault posed by defendant’s motion for a directed verdict. For this reason the trial court was correct in submitting this issue to the jury for determination and in denying defendant’s post-trial motions for judgment and a new trial. The fact that the trial judge erroneously assumed that his judicial authority to grant a directed verdict was withdrawn by the terms of this court’s judgment and mandate on the remand for a new trial is of no importance. If the ruling of the trial court was correct, its judgment will not be set aside merely because the reasons which prompted the ruling are erroneous.[2]
We have carefully considered appellant’s remaining point on appeal but find it to be without substantial merit.
We conclude that the parties herein have received a fair trial of the controversy existing between them and that the judgment entered upon the jury’s verdict is free from error. The judgment is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Southern Railway Company v. Wood (Fla.App.1965) 171 So.2d 614; Southern Railway Company v. Wood, (Fla.App. 1965) 175 So.2d 812.

. Escarra v. Winn Dixie Stores, Inc., (Fla.1961) 131 So.2d 483.