SCOTT, ROBERT G, Judge.
This appeal concerns the propriety of the lower court’s failure to grant defendant’s motions for mistrial based upon improper prosecutorial questioning and comment which permeated and unalterably tainted the jury trial. We reverse.
Appellant was found guilty of the crime of robbery with a firearm and an adjudica *586 tion and judgment for robbery was entered by the court.
While it appears, at first blush, that the evidence adduced was sufficient to sustain the jury verdict, nevertheless we reverse because of the incredible prosecutorial conduct which fundamentally tainted the trial.
Although the trial judge sustained a plethora of defense objections to questions propounded by the assistant state attorney and rebuked and admonished him on several occasions, no curative instructions by the court could dissipate the prejudicial effect of the prosecutorial errors complained of in this appeal. Most of the improprieties arose during the state’s attempt to cross-examine the victim, the appellant or the appellant’s co-defendant. A few examples follow:

To the victim:

Q. Have you ever been the victim of a crime before?
A. No.
[Objection sustained.] [T 298]
Q. Do you think all victims know the people that rob them?
[Objection sustained.]
Q. When you came to this country, Juan, did you have any money?
A. No.
Q. Everything that you have been able to earn, you have had to earn since you have come over here.
A. Yes, sir.
Q. Tell the jury some of the jobs you have done since you have been over here to earn money.
[Objection sustained.] [T 236]
Q. Now Juan, would you characterize yourself as wealthy or poor?
[Objection sustained.] [T 239]

To the appellant:

Q. Have you had a chance to discuss this case with your attorney?
A. Yes.
[Objection on grounds of attorney-client privilege sustained.] [T 492]
After eliciting from appellant that he discussed the case with the co-defendant but did not discuss what appellant was going to say in court:
Q. What did you talk about?
A. Well, we have talked about things, about cigarettes, things like that.
Q. This really was not on your mind?
[Objection sustained.] [T 493]

To appellant’s co-defendant:

Q. Tell me something. How did your kids feel about you taking them down to the corner when you went to buy cocaine ...?
Q. Why don’t you do it [cocaine] in front of your family?
[Objections were sustained to the foregoing questions.] [T 585-588]
Obviously, some of the state’s questions were venal efforts to paint the victim as an object of sympathy and color the appellant and his co-defendant as vile drug users who exposed their families to the street trade of drugs.
In addition to the improprieties exemplified above, the assistant state attorney was admonished for continuously summarizing testimony and for repeating questions to which objections had been sustained.
In sum, the assistant state attorney’s prosecutorial efforts were outrageous. They demonstrated total ineptness regarding cross-examination.
A view of the entire record mandates reversal. See Coleman v. State, 420 So.2d 354 (Fla. 5th DCA 1982); Knight v. State, 316 So.2d 576 (Fla. 1st DCA 1975).
Reversed and remanded.