McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
J.M. Foster, Inc. (Foster) appeals from an order of the deputy commissioner finding that the claimant, Slaton, was dually employed by Foster and N.A. Logan, Inc. (Logan) at the time of his injury and that both employers were equally responsible for payment of worker’s compensation benefits. Foster contends that Logan was Sla-ton’s sole employer; Logan cross-appeals, arguing that Foster occupied that position. We reverse on the appeal, and consequently do not reach the issue presented on cross-appeal.
Foster was the general contractor on a construction project; Logan was a subcontractor obligated to do all painting, waterproofing, stuccoing and associated work. The two employers frequently borrowed and lent their employees between them when the necessities of the work required. Slaton, employed by Foster as a laborer foreman, was “borrowed” by Logan on the date of the accident to assist in loading sand for a sandblasting operation necessary for its painting job. Foster had no right to dictate the means and method by which Logan should perform this work nor any responsibility to provide sand or blasting equipment, which was provided by Logan. While lifting bags of sand for loading into the blaster under the supervision of the Logan foreman, Slaton injured his back.
Logan prepared and submitted the report of injury and paid worker’s compensation benefits for twenty months before filing a notice to controvert, alleging Foster to have been the employer at the time of the accident and responsible for payment. The identity of Slaton’s employment was the only issue at the subsequent hearing before the deputy. The deputy found that Slaton had entered into an implied contract of hire with Logan “having been under the direction and control of the Logan foreman at the time of his injury.” He found that sandblasting work was the “sole and exclusive province of Logan” because Foster “had no responsibility to load sand onto sandblasting equipment, and/or to provide sand, and/or to provide equipment for the sandblasting operation.” He also determined that Logan had the right to control the details of Slaton’s work, given his work with the Logan crew and his supervision by the Logan foreman.
Despite these findings, the deputy held that he could not make a clear, separate identity of employers based on “the general contractor/subcontractor relationship between Foster and Logan respectively and the loaned employee situation that existed between the two of them with regard to the claimant specifically.” He therefore ruled that “since ... claimant was working for both employers at the time of his accident, under their simultaneous control, both employers are liable for workers’ comp benefits.” Given the facts as found by the deputy, this conclusion was erroneous.
When a general employer lends an employee to a special employer, the special employer becomes liable for workers’ compensation if (1) the employee has an express or implied contract of hire with the special employer, (2) the work being done was essentially that of the alleged special employer, and (3) the power to control the details of the work being done resides in the special employer. Interstate Industrial Park, et al. v. Afterdeck Restaurant, 478 So.2d 852 (Fla. 1st DCA 1985); Crawford v. Florida Steel Corp., 478 So.2d 855 (Fla. 1st DCA 1985). The deputy herein specifically held that Slaton had entered into an implied contract of hire *555 with Logan, that the work being done was the sole and exclusive province of Logan for which Foster had no responsibility, and that Logan had the right to control the details of Slaton’s work. Therefore, his conclusion of dual employment was incorrect as a matter of law.
Reversed and remanded for entry of an order finding Logan to have been Slaton’s sole employer on the date of the accident and therefore responsible for payment of his worker’s compensation benefits.
ERVIN and WIGGINTON, JJ., concur.