DANIEL S. PEARSON, Judge,
concurring.
Presumably, the statement in note 1 of the majority opinion that “the prosecutor involved is no longer with the state attorney’s office” means that, since the case is being remanded for a new trial anyway, there is no useful purpose to be served in detailing the egregious behavior of the assistant state attorney prosecuting this case.
Perhaps the majority is correct. However, I think it will benefit other persons who are charged with the responsibility of representing the State of Florida in criminal proceedings to inform them that this trial was a clinic in the not-so-fine art of prosecutorial misconduct, and that a reading of the transcript memorializing it will be time well spent.
The transcript contains a generous sampling of questions designed to insinuate to the jury the existence of certain facts when those facts were not capable of being otherwise proved, see, e.g., Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985); it has a variety of questions designed to elicit from witnesses that out-of-court declarants made statements incriminating the defendant, see Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981); Molina v. State, 447 So.2d 253 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 888 (Fla.1984); it has hypothetical questions to experts containing critical statements of fact neither proved nor capable of proof; it contains attempts to impeach defense witnesses through questioning about the defendant’s non-existent convictions, ironically in a case where defendant’s character was not even placed in issue; and, finally, it has a sizable collection of questions calling for witnesses to give their opinions concerning the truthfulness of the testimony of other witnesses, see Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984), and a forceful midtrial closing argument masquerading as a cross-examination, see Gonzalez v. State, 450 So.2d 585, 586 (Fla. 3d DCA) (Pearson, J., concurring), rev. denied, 458 So.2d 274 (Fla.1984). I particularly recommend to any future reader the prosecutor’s reprehensible direct and redirect examination of the investigating detective; the irresponsible redirect examination of the toxicologist from the Dade County medical examiner’s office; and the condemnable cross-examination of the dispatcher at the defendant’s place of employment and of the defendant himself.
I, too, am of the view that the defendant deserves a new trial.