SCHEB, Acting Chief Judge.
Appellant, Adam Smith Enterprises, Inc., appeals a final summary judgment foreclosing a second mortgage in favor of Ap-pellees, W. Kenneth Barnes, Jr. and Jane L. Barnes. We agree with Adam Smith’s contention that the Barnes did not conclusively establish the absence of a genuine issue of material fact. Therefore, we reverse.
We begin by summarizing the relevant facts in this somewhat complex mortgage foreclosure action. Preferred Properties, Inc., a Florida general partnership, owned property in Pasco County. The partnership was experiencing financial difficulties. In an effort to remain economically viable, Preferred gave a note for $250,000 secured by a mortgage to one of its general partners, W. Kenneth Barnes, and his wife, Jane L. Barnes, on September 28, 1984. Nevertheless, Preferred filed a petition for bankruptcy the next year. On February 24, 1986, during the course of the bankruptcy proceeding, the bankruptcy court allowed Preferred to execute a mortgage to Barnett Bank in return for receiving a $1,700,000 loan. The court gave the Barnett Bank mortgage super-priority status over the Barnes mortgage and required that Preferred pay $50,000 of the loan proceeds to reduce the principal obligation to the Barnes.
The court also allowed Preferred to grant Adam Smith an option to purchase the land. Preferred, Adam Smith, and Barnett executed an option agreement dated March 31, 1986. The agreement provided that Adam Smith could acquire Preferred’s property if Preferred defaulted on the Barnett mortgage. Under the agreement, Adam Smith would pay off the Barnett mortgage. Before approving the agreement, the bankruptcy court added that in the event Adam Smith exercised the option, it would pay off the Barnes mortgage as well as the Barnett mortgage.
Preferred defaulted on the Barnett mortgage, and on October 2, 1987, Barnett made demand on Dr. Gills, the personal guarantor of the Barnett mortgage. Dr. Gills was also the president of Adam Smith. On October 12,1987, Adam Smith’s counsel wrote a letter to Raymond G. Sa-vignac, the agent/manager of Preferred, stating that it was exercising its option.
*551 Alleging that Preferred did not honor the exercise of its option, Adam Smith sought specific performance in the bankruptcy court.[1] The Barnes then filed the instant foreclosure action against Preferred in circuit court. In January 1988, Adam Smith was added as a party when the Barnes filed their second amended complaint.
The Barnes alleged that their mortgage was superior to Adam Smith’s option rights. Adam Smith filed a general denial and interposed an affirmative defense of unclean hands. Although Adam Smith did not dispute the fact that the Barnes mortgage debt remained unpaid, it contended that Mr. Barnes, in his capacity as a general partner of Preferred, attempted to eradicate Adam Smith’s option by refusing to agree on the amount of money needed to pay off the Barnes mortgage.
On April 22, 1988, the Barnes moved for a summary judgment against Adam Smith after first obtaining a summary judgment against Preferred. The Barnes attached Mr. Barnes’ affidavit in which he stated that they had taken no action to preclude Adam Smith’s exercise of its option and that, to the contrary, they “support and encourage the exercise of such right.” The Barnes also filed the affidavit of Ronald E. Taylor, a Barnett Bank officer, the substance of which is irrelevant to the issue at hand. Adam Smith filed the counter-affidavit of Lew Friedland, one of its officers, stating that Adam Smith undertook negotiations to pay Barnett and the Barnes the amounts due on their mortgages. Fried-land’s affidavit further stated that neither Barnes, Preferred Properties, nor Barnett agreed to accept Adam Smith’s offer to exercise its option.
The trial judge, having reviewed affidavits in support of the Barnes’ motion and the counter-affidavit filed by Adam Smith, found that there was no genuine issue of material fact. Accordingly, on June 1, 1988, the court entered a summary judgment of foreclosure in favor of the Barnes and against Adam Smith and several other parties. The judgment awarded the Barnes $279,594.48 for principal, interest, costs, and attorney’s fees in connection with their mortgage. It is this order which Adam Smith appeals.
We first reject the Barnes’ contention that Adam Smith cannot prevail on this appeal because it failed to exercise its redemptive rights. Second, we believe that Adam Smith’s counsel’s letter of October 12, 1987, to Preferred’s agent/manager was a clear and timely exercise of the option. We have examined the option agreement, the letter, and considering the attendant circumstances, we conclude that there is no merit in the Barnes’ argument that Adam Smith was required to tender money to them in order to exercise its option.
We now turn to the dispute which is the crux of this appeal, namely Adam Smith’s affirmative defense of unclean hands. Adam Smith alleged that the Barnes would not indicate the amount it was required to pay them in order to fulfill its obligations under the exercised option. For the Barnes to obtain a summary judgment, it was necessary for them either to refute the affirmative defense or prove that it was legally insufficient. Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975). We think they have done neither.
In his affidavit, Mr. Barnes stated that he and his wife took no action to preclude Adam Smith’s exercise of its option and that, to the contrary, the Barnes “support and encourage the exercise of such right.” The affidavit of Lew Friedland, an officer of Adam Smith, attested to Adam Smith’s letter of October 12, 1987, exercising its option. Friedland stated that negotiations had been ongoing since that time and Adam Smith “has made every reasonable effort to exercise its Option Agreement and pay to Barnes and Barnett the amounts due under their respective mortgages.” Friedland further said that “[i]n each and every instance, the parties have attempted to drive up the price for exercis *552 ing the option and have failed to comply with the terms of the Option Agreement.”
We cannot say from the record furnished us that the Barnes conclusively established that there was no genuine issue of material fact. In his affidavit, Mr. Barnes merely stated that he encouraged the exercise of the option, and that Adam Smith’s inability to exercise it was due either to its own failings or to Preferred’s trustee in bankruptcy. This, without more, does not conclusively negate the allegations in Adam Smith’s defense of unclean hands.
We simply do not have sufficient record or briefing to evaluate the parties’ contentions regarding Mr. Barnes’ use of his connection with Preferred to affect Adam Smith’s option. There is a paucity of documentation of the parties’ dealings after the letter that Adam Smith’s counsel wrote to Preferred. We note that the affidavits submitted both in support and in opposition to the motion for summary judgment are largely conclusory and lack specific details on the issue before us. For instance, Friedland’s affidavit indicates that there were ongoing negotiations concerning the amount of money due on the Barnes mortgage, but that the Barnes were uncooperative in settling on the amount. The record, however, does not indicate the specifics of these negotiations nor does it reveal any written request from Adam Smith to the Barnes requesting a final figure. The Barnes' contention that they encouraged the exercise of the option is similarly unsupported.
Although summary judgment practice is especially applicable to mortgage foreclosure proceedings, any doubt as to the existence of a genuine issue of a material fact must be resolved against the mov-ants whose burden it is to establish the absence of such an issue. See, e.g., Holl v. Talcott, 191 So.2d 40 (Fla.1966); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). Accordingly, we cannot say that the Barnes have met their burden of proving that they were entitled, as a matter of law, to a judgment foreclosing Adam Smith’s option rights.
As noted, the Barnes either had to disprove Adam Smith’s defense of unclean hands or establish its legal insufficiency. Howdeshell v. First Nat’l Bank, 369 So.2d 432 (Fla. 2d DCA 1979). The sparse support the Barnes offered to bolster their motion for summary judgment was clearly insufficient to negate the defense. While the Barnes argue that Adam Smith’s defense is merely a paper issue and is thus legally unacceptable, we cannot determine the merit of this contention based on the evidence before us. Thus, because neither party has adequately supported its contentions, we find it prudent to reverse so as to permit the true facts to be developed. See, e.g., Frazier v. Schenck, 503 So.2d 444 (Fla. 2d DCA 1987); Bucket Corp. v. Fidelity & Deposit Co., 370 So.2d 824 (Fla. 2d DCA 1979).
REVERSED AND REMANDED.
FRANK and THREADGILL, JJ., concur.

. A suggestion of the pendency of bankruptcy proceedings filed by counsel for Preferred below as well as Adam Smith’s brief indicate that the bankruptcy action is in abeyance pending resolution of this appeal.