PER CURIAM.
This is an appeal by the defendants Alan Simons Associates, Inc. and Alan Simons, individually, from an adverse final summary judgment in an action brought below by the plaintiff Deltareach Corporation to collect on rent due under a lease and a personal guarantee of same. We reverse based on the following briefly stated legal analysis.
First, we conclude that the defendant Alan Simons’ affidavit, filed below in opposition to the plaintiff’s motion for summary judgment, raises genuine issues of material fact which preclude summary judgment in this case. In particular, the affidavit states (1) that the plaintiff’s agent orally induced the defendants (a) to remain on the demised premises [which the defendants had previously leased and occupied] and (b) to refrain from vacating same [which they allegedly had a legal right to do], by promising the defendant Alan Si-mons that the defendants would only be liable for rent as to the demised space actually occupied by the defendants, and (2) that the defendant Alan Simons was fraudulently induced to sign the subject guarantee based on this assurance. If this is true, we conclude that the plaintiff would be estopped from (1) enforcing the strict rental terms of the lease as to the unoccupied portion of the demised premises based on this allegedly fraudulent oral promise, and (2) enforcing the strict terms of the guarantee as to the same portion of the demised premises based on this same promise — and that the defendants would be liable for rent on the demised premises only as to the actual rental space occupied by the defendants. United of Omaha Life Ins. Co. v. Nob Hill Ass’n, 450 So.2d 586, 539 (Fla. 3d DCA 1984).
Second, we conclude that Joseph I. Schweiger’s affidavit, filed below in support of the plaintiff’s motion for summary judgment, is entirely conclusory and woefully inadequate to establish the amount of rent due and owing in this case. Genuine issues of material fact are raised by this record as to the rent due under the subject lease and guarantee, whether an estoppel *583 is ultimately found to be applicable to this case or not. See Spiwak v. General Real Estate Ltd., 546 So.2d 81 (Fla. 3d DCA 1989).
The final summary judgment under review is therefore reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.