WIGGINTON, Judge.
We reverse the order of the judge of compensation claims wherein he found claimant to be the actual employee or, in the alternative, a “special employee” of Hoar Construction. Contrary to the weight of case law, the JCC erroneously-relied primarily on the fact that claimant had been placed on Hoar’s payroll pursuant to an agreement between Modern Drywall, Hoar Construction and Lee County to avoid a licensure problem. However, the essential element controlling the issue as to the claimant’s employment status regards the right of control, or the right to direct, the manner in which the work shall be done. The payment of wages is the least important factor. See Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989), affirming Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA 1989); Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445 (Fla.1964); Orama v. Dunmire, 552 So.2d 924 (Fla. 1st DCA 1989); Saudi Arabian Airlines Corporation v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983). In the instant case the evidence established overwhelmingly that Modern Drywall possessed and exercised the right to control and direct claimant’s work, and that claimant remained an employee of Modern Drywall for all purposes save for the administrative task of his payment of wages, which was assumed by Hoar. In that latter regard, those amounts paid by Hoar to Modern’s employees was systematically deducted from Modern’s draw.
The JCC also erred in finding claimant to be a “special employee” of Hoar Construction. Only when the special employer has assumed control of the employee, the employee has consented to that control, and the work being done is for the benefit of the special employer, can a special employment relationship be found. See Berrier v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188 (Fla.1939); J.M. Foster, Inc. v. N.A. Logan, Inc., 483 So.2d 553 (Fla. 1st DCA 1986). Nothing in the record suggests a conscious formation of consent by the claimant to become a Hoar Construction employee. The work being done by claimant was essentially that of Modern Drywall, and Modern Drywall had the right to control the details of the work. There is no competent and substantial evidence to support a finding that Modern Drywall, as an entity, ceased doing business prior to claimant’s injury. Therefore, there was no competent and substantial *465 evidence to support the JCC’s conclusion on this point.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH and KAHN, JJ., concur.