738 So.2d 1016 (1999)
Calie Nicole SUTHERLAND, a minor, by her parents and next friends, Sherri SUTHERLAND and Douglas Sutherland, Appellant,
v.
Edward L. PELL, Appellee.
No. 98-03372.
District Court of Appeal of Florida, Second District.
August 11, 1999.
*1017 Gwynne A. Young and Eric S. Adams of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, and Sylvia H. Walbolt and Robert E. Biasotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for Appellant.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellee.
ALTENBERND, Judge.
The Sutherlands appeal a summary final judgment entered in favor of Edward Pell. We reverse because the motion for summary judgment, supported only by Mr. Pell's conclusory affidavit, fails to establish that there were no material issues of fact in this dog bite case.
Calie Sutherland and her family were visiting the home of a friend, William Douglas, in March 1994. Calie was three years old at the time. One of Mr. Douglas's two Rottweilers attacked Calie while she was inside Mr. Douglas's home. Mr. Douglas rented his house from Mr. Pell.
On January 14, 1998, the Sutherlands filed their lawsuit against Mr. Pell, alleging the dog that attacked Calie was vicious, and that Mr. Pell, as the landlord, had actual or constructive knowledge of its viciousness. Thus, this dog bite case is based on the common law, not on statutory liability. See § 767.04, Fla. Stat. (1997) (providing statutory liability for dog owners); Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987) (holding that landlord may be liable for tenant's dog if landlord knows dog is vicious and has sufficient control of premises to protect plaintiff); Noble v. Yorke, 490 So.2d 29 (Fla.1986) (stating general proposition that non-owner of dog may be sued under common law).
The record contains no answer or motion to dismiss, although there are references under oath to an answer having been filed on January 22, 1998. The first motion of record is a motion for summary judgment filed by Mr. Pell on March 18, 1998. This motion was supported only by his affidavit, which states that he had "no knowledge, actual, constructive or imputed" as to the nature, behavior, or vicious propensities of the dog that attacked Calie. In April, the Sutherlands filed an affidavit signed by Mr. Douglas stating that (1) Mr. Pell had given him permission to have two Rottweillers on the rental property, (2) Mr. Pell walked by the property on more than one occasion, and (3) Mr. Pell had talked to him on occasions when the dogs were in view. On May 11, 1998, before any depositions or other discovery had occurred, the trial court granted the motion for summary judgment. The Sutherlands filed a motion for rehearing, arguing primarily that the order was premature because there had been inadequate opportunity for discovery. The trial court denied the motion.
At this point, there is virtually no evidentiary development of the allegations in this record. Based on the pleadings, both the trial court and this court must assume that the child was bitten by a vicious dog. In light of the conflicting affidavits, we must assume that Mr. Pell had actual knowledge that the dog was on his rental property. Without engaging in a deep philosophical discourse on the limits of epistemology, we doubt that an affiant such as Mr. Pell can state under oath, at least in a conclusory fashion, that he has actual knowledge that he lacks constructive knowledge of a dangerous condition. Constructive knowledge is a fact-intensive issue based on information that a party "should have known." See Wal-Mart Stores, Inc. v. Reggie, 714 So.2d 601, 603 *1018 (Fla. 4th DCA 1998) (stating constructive notice may be proven with circumstantial evidence by either demonstrating dangerous condition existed so long that defendant, through the exercise of ordinary care, should have known of its existence, or proving dangerous condition occurred so regularly that it was foreseeable); Kala Invs., Inc. v. Sklar, 538 So.2d 909, 914 (Fla. 3d DCA 1989) (finding issue of constructive knowledge usually question of fact for jury, therefore, resolution by summary judgment unsuitable). This record may create a credibility issue concerning Mr. Pell's actual knowledge of the dog's vicious nature, and it certainly leaves unresolved the issue of what, under all the facts, he should have known.
Accordingly, we reverse and remand for further proceedings.
PARKER, A.C.J., and DAVIS, J., Concur.