924 So.2d 944 (2006)
Peter Andrew VERCHICK, et al., Appellants,
v.
HECHT INVESTMENTS, LTD., et al., Appellees.
Nos. 3D05-918, 3D05-916.
District Court of Appeal of Florida, Third District.
April 5, 2006.
Downs Brill Whitehead & Sage and David W. Brill and Joseph J. Rinaldi, Coral Gables; Ralph O. Anderson, Fort Lauderdale, for appellants.
*945 Catri, Holton, Kessler & Kessler and Wesley L. Catri, Fort Lauderdale, and Raymond Holton, for appellees.
Before WELLS, CORTIÑAS, and ROTHENBERG JJ.
CORTIÑAS, Judge.
The appellants, Peter Verchick ("Verchick"), Phillip Bocelli ("Bocelli"), and his wife, Kathleen Bocelli, appeal from orders granting final summary judgments in favor of the appellees, Hecht Investments, Ltd. ("Hecht Ltd.") and Hecht Investments, Inc. ("Hecht Inc."), collectively referred to as the "Hecht entities."
On December 14, 1999, while working at the Naples-Fort Myers Greyhound Track ("Track"), Verchick and Bocelli were shot by a patron who was playing poker and who had been drinking alcoholic beverages from the bar at the Track. Verchick and Bocelli sued Hecht Ltd., Hecht Inc., Southwest Florida Enterprises, Inc. ("Southwest"), and Bonita-Fort Myers Corporation,[1] alleging in their complaints that (1) Hecht Ltd., Hecht Inc., and/or the other defendants owned and operated the Track, (2) the defendants had a duty to exercise reasonable care to provide reasonable safety and security for their patrons, customers, and employees, and (3) the defendants negligently breached the duty that they owed to Verchick and Bocelli.
Hecht Ltd. and Hecht Inc. denied the material allegations, and each entity moved for summary judgment on the ground that Verchick and Bocelli were not employed by them and, as such, owed no duty to Verchick or Bocelli. In support of their motions for summary judgment, Hecht Ltd. and Hecht Inc. filed the sworn affidavits of Leon Reitnauer ("Reitnauer"), the vice-president of the defendant entities. Hecht Ltd. also filed Reitnauer's deposition. In response, Verchick and Bocelli submitted their affidavits. The trial court granted final summary judgments, without prejudice, in favor of the Hecht entities. We affirm.
We review the trial court's entry of summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Summary judgment is proper if the court determines that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law. Id. at 130. When considering a motion for summary judgment, the court must draw every possible inference in favor of the nonmoving party. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
Verchick and Bocelli contend that genuine issues of material fact exist regarding Hecht Ltd.'s and Hecht Inc.'s employer/employee relationship with Verchick and Bocelli. Verchick and Bocelli rely on the W-2 tax forms issued to them identifying Hecht Ltd. as their employer, as well as the payroll checks that they received, which were written by Hecht Ltd. and drawn on its bank account. See Southern Railway Co. v. Wood, 198 So.2d 834 (Fla. 1st DCA 1967)(holding that W-2 tax forms, payroll checks, and other evidence, were sufficient to sustain the jury's finding that the defendant was the plaintiff's employer); Villanueva v. Astroworld, Inc., 866 S.W.2d 690 (Tex.App.1993)(holding that W-2 tax forms raised a question of material fact as to whether the defendant was the plaintiff's employer).
However, under the facts of this case, the existence of W-2 tax forms does not create a disputed issue of fact concernthe *946 existence of an employer-employee relationship between the plaintiffs and the Hecht entities. It is well-established that the main test in determining the existence of an employer-employee relationship is whether the employer has direction and control over the employee. Patton Seafood Co. v. Glisson, 38 So.2d 839 (Fla. 1949); Berrier v. Associated Indem. Co., 142 Fla. 351, 196 So. 188 (Fla.1940); Gidney Auto Sales v. Cutchins, 97 So.2d 145 (Fla. 3d DCA 1957). Since Hecht Ltd. and Hecht Inc. are the parties that moved for summary judgment, they bear the burden of proving that no genuine issues of material fact exist as to whether they employed Verchick and/or Bocelli. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)(holding that the party moving for summary judgment must prove the non-existence of genuine issues of material fact). Hecht Ltd. and Hecht Inc. must establish that the W-2 tax forms and payment of wages were insufficient to confer employer status upon them. They must also establish that they did not have direction and control over Verchick's and Bocelli's employment.
Although Verchick and Bocelli presented evidence of the W-2 tax forms and payroll checks, Hecht Ltd. and Hecht Inc. presented uncontroverted evidence establishing that Hecht Ltd. functioned as a payroll processor for Southwest. Hecht Ltd. and Hecht Inc. also presented evidence that Hecht Inc. was merely the general partner of Hecht Ltd. For example, Hecht Ltd. and Hecht Inc. presented Reitnauer's deposition and affidavits. Reitnauer consistently stated that Southwest owned and operated the business at the Track, and was the entity that hired, fired, and controlled all aspects of employment at the Track. Reitnauer also stated that Southwest provided workers' compensation insurance coverage to all Track employees, including Verchick and Bocelli. Reitnauer further stated that Southwest determined payment for the employees, and that Hecht Ltd. only handled the payroll of managers and executives employed at the Track. Furthermore, the record on appeal contains numerous payroll reimbursement checks issued to Hecht Ltd. by "Southwest Florida Enterprises Inc." and "Naples-Ft. Myers Greyhound Track Division of Southwest Florida Enterprises, Inc." for payroll, payroll taxes, and management fees.[2]
Based on this evidence, we find that Hecht Ltd. and Hecht Inc. sufficiently met their burden of proving the non-existence of genuine issues of material fact, and overcame all reasonable inferences which may have been drawn in favor of Verchick and Bocelli. See Holl, 191 So.2d at 43. As such, the burden of proof shifted to Verchick and Bocelli to prove the existence of material issues of fact. See id. at 43-44.
Verchick and Bocelli submitted conclusory affidavits stating that they were employed by Hecht Ltd. Both Verchick and Bocelli stated in their affidavits that, as Hecht Ltd. employees, they took part in the operation, supervision, direction, and control of the day-to-day activities and assignments of tasks at the Track. However, these affidavits were conclusory and lacked specific details on the disputed issue, namely whether there existed an employer-employee relationship between the plaintiffs and the Hecht companies. See, e.g., Adam Smith Enters., Inc. v. Barnes, 539 So.2d 549 (Fla. 2d DCA 1989)(holding that the conclusory affidavits submitted were insufficient support for the summary judgment proceedings); see also Sutherland v. Pell, 738 So.2d 1016 (Fla. 2d DCA *947 1999); Gimenez v. Barry, M.D., 572 So.2d 35 (Fla. 3d DCA 1991); Alan Simons Assocs., Inc. v. Deltareach Corp., N.V., 554 So.2d 581 (Fla. 3d DCA 1989).
We find that there are no genuine issues of material fact regarding the absence of an employer-employee relationship between the plaintiffs and the Hecht entities. Accordingly, we affirm the trial court's orders granting final summary judgment in favor of Hecht Ltd. and Hecht Inc.
Affirmed.
NOTES
[1] Hecht Ltd. and Hecht Inc. assert that Bonita-Fort Myers Corporation, a subsidiary of Southwest, owns the property where the track is located and leases it to Southwest.
[2] Both parties concede that Naples-Ft. Myers Greyhound Track is a division of Southwest Florida Enterprises, Inc.