WOLF, J.
This is a timely appeal of a summary final judgment. The issue before us is whether the trial court erroneously granted appellee’s motion for summary judgment by determining no issues of material fact existed. We find that an issue of material fact existed as to the personal liability of appellant. We, therefore, reverse.
On December 13, 2002, appellee filed a complaint against appellant and Integrated Healthcare Resources, Inc. (IHR, Inc.) seeking $31,500.00 for services rendered from October 2001, to March 2002, as a result of an executed agreement under which appellee agreed to serve as Medical Director of the George E. Weems Memorial Hospital Emergency Room. On May 15, 2003, appellant filed an Answer to Complaint in which he denied the defendants were jointly doing business and jointly entered into the contract hiring the appellee.
In the instant appeal, appellee asserts, and appellant concedes, that unpaid fees in the amount of $31,500.00 are due and owing for services rendered. However, the dispute lies over who should be made to pay the fees, appellant or IHR, Inc. In his order granting summary judgment, the trial court based the dismissal on its finding that IHR, Inc. served as a mere paying agent for appellant. However, contrary to such findings, the pleadings, admissions, and affidavits filed in the instant case suggest a material dispute exists over appellant’s personal involvement in the contract.
In the instant case, both appellant’s and appellee’s submissions regarding the extent of IHR’s involvement in the employment contract are conclusory. Conclusory statements alone are insufficient to support the grant of motion for summary judgment. See Verchick v. Hecht Invs., Ltd., 924 So.2d 944 (Fla. 3d DCA 2006) (holding that a trial court could not rely on two individual’s conclusory affidavits proclaiming to be employees of a business).
In addition, the trial court further erred when it concluded that appellant entered into a written employment contract with appellee, alone. A review of the record evidences that none of plaintiffs attachments contain appellant’s signature or any written contracts entered into between ap *1249 pellant and appellee. In fact, the attached documentation appears to be correspondence between appellee and a Lori Bahadue, not appellant, George Bahadue. Further, the documentation does little to define the parameters of the parties’ original employment agreement. For the above reasons, it appears a genuine issue of material fact exists regarding the extent to which appellant is personally liable for the breach of the employment contract.
The summary judgment is REVERSED.
ERVIN, III, RICHARD W., Senior Judge, concurs; ALLEN, J., dissents with opinion.