970 So.2d 424 (2007)
Timothy Duane GAYER, Appellant,
v.
FINE LINE CONSTRUCTION & ELECTRIC, INC.; Labor Finders of Broward County, Inc.; Labor Finders International, Inc.; and L.F.I. Safety Management Services, Inc., Appellees.
No. 4D06-2159.
District Court of Appeal of Florida, Fourth District.
November 28, 2007.
Rehearing Denied January 11, 2008.
*425 Adam Lawrence of Lawrence & Daniels, and Stabinski & Funt, P.A., Miami, for appellant.
Donna M. Krusbe of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., West Palm Beach, for Appellee-Fine Line Construction & Electric, Inc.
STONE, J.
Timothy Gayer appeals a summary judgment entered in favor of Fine Line on Gayer's spoliation of evidence claim. Appearing as an issue of first impression, we conclude that a special employer using a laborer from a help supply services company has a duty under section 440.39(7), Florida Statutes, to preserve evidence for the injured laborer's claim against a third-party tortfeasor.
Gayer was employed by a help supply services company, Labor Finders of Broward, Inc. (Labor Finders), which leased workers to construction companies, paid the workers an hourly wage, and provided workers' compensation benefits. Labor Finders sent Gayer to Fine Line, which directed Gayer to remove metal framing from a ceiling and provided Gayer with a tall folding ladder and an electric drill. Gayer fell from the ladder, sustaining severe injuries. The ladder, subsequently, could not be located.
Gayer first sued Fine Line for negligence but Fine Line successfully raised an affirmative defense of worker's compensation immunity from tort liability because Gayer was Fine Line's borrowed employee under section 440.11(2), Florida Statutes. Fine Line ultimately obtained summary judgment on the negligence claim.
Gayer subsequently amended his complaint to allege a spoliation claim for the lost ladder against Fine Line and Labor *426 Finders. Fine Line moved for summary judgment, arguing that it had no duty to preserve the ladder under section 440.39(7), Florida Statutes, because Fine Line was not Gayer's "employer." The trial court granted Fine Line's motion and entered final judgment for Fine Line on the spoliation claim. We reverse.
Reviewing the summary judgment order de novo, we analyze the record in the light most favorable to the non-moving party. E.g., 5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd. P'ship, 876 So.2d 1220, 1221 (Fla. 4th DCA 2004).
Generally, to establish a claim for spoliation, the plaintiff must prove six elements: "(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment and the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages." Flagstar Cos. v. Cole-Ehlinger, 909 So.2d 320, 322-23 (Fla. 4th DCA 2005) (internal quotations omitted).
The issue in the case sub judice is whether element two, duty to preserve, exists.[1] Because a duty to preserve evidence does not exist at common law, the duty must originate either in a contract, a statute, or a discovery request. Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004). Gayer does not allege a contractual duty or a duty arising from a discovery request. Citing section 440.39(7), Florida Statutes, Gayer argues that Fine Line had a statutory duty to preserve evidence.
Included in the Florida Workers' Compensation Act (Act),[2] section 440.39(7) states:
"The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose."
(emphasis added) The General Cinema Beverages of Miami v. Mortimer, 689 So.2d 276, 279 (Fla. 3d DCA 1995) court explained that the duty to cooperate "must necessarily include a duty to preserve evidence." Accord Shaw v. Cambridge Integrated Servs., 888 So.2d 58, 61-62 (Fla. 4th DCA 2004) (recognizing that section 440.39(7), Florida Statutes, creates an independent cause of action for spoliation of evidence).[3]
The terms "employer" and "employee" are defined in section 440.02, Florida Statutes, which begins by stating that "[w]hen used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meanings." § 440.02, Fla. Stat. (emphasis added). *427 Subsection (15) of section 440.02 then broadly defines "employer" to include, inter alia, "every person carrying on any employment." "`Employee' means any person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed. . . ." § 440.02(14)(a), Fla. Stat. "`Employment' . . . means any service performed by an employee for the person employing him or her." § 440.02(16)(a), Fla. Stat.
The context of the disputed subsection (7) is section 440.39. "The point of section 440.39 is to preserve causes of action against third-party tortfeasors and to impose a duty of cooperation to that end." General Cinema, 689 So.2d at 279. Section 440.39 also contains a statutory subrogation scheme that prevents double recovery to an employee by giving "the entity that paid the workers compensation benefits[,] . . . statutory subrogation rights in any third-party suit." Summit Claims Mgmt. Inc. v. Lawyers Express Trucking, Inc., 913 So.2d 1182, 1183 (Fla. 4th DCA 2005).
An analysis of the employer/employee terms' meaning does not end with the definitions section. See Hazealeferiou v. Labor Ready, 947 So.2d 599, 602 (Fla. 1st DCA 2007) ("Distinguishing the relevant employer for workers' compensation purposes in employee leasing context is more complicated, however, than simply determining who might qualify as an employer under chapter 440.").
Under the doctrine of lent employment, a lending employer, such as a help supply services company, "is known as the `general employer' and the borrowing employer, the `special employer.'" 3 LARSON'S WORKERS' COMPENSATION LAW § 67.01[1] (2006). At common law, an employee lent by a general employer is presumed to continue working for and be an employee of the general employer, not a borrowed servant of the special employer. See Derogatis v. Fawcett Mem'l Hosp., 892 So.2d 1079 (Fla. 2d DCA 2004).
The majority rule is "that if the general employer simply arranges for labor without heavy equipment, the transferred worker then becomes the employee of the special employer." Folds v. J.A. Jones Constr. Co., 875 So.2d 700, 703 (Fla. 1st DCA 2004) (citing 3 LARSON'S WORKERS' COMPENSATION LAW § 67.05[3] (2003)). "Such [a] rule applies particularly to the furnishing of labor services." Id. In Florida, "a special employment relationship" exists where "[1] the special employer has assumed control of the employee, [2] the employee has consented to that control,[4] and [3] the work being done is for the benefit of the special employer." Hoar Constr. v. Varney, 586 So.2d 463, 464 (Fla. 1st DCA 1991) (citations omitted). The Varney court also explained that "the essential element controlling the issue as to [Varney's] employment status regards the right of control, or the right to direct, the manner in which the work shall be done. The payment of wages is the least important factor." Id. (citations omitted).
In a workers' compensation case, section 440.11(2) addresses "the question of which of the two, the general or special employer, should be considered the employer of the temporarily assigned worker at the time of the injury." Folds, 875 So.2d. at *428 703. Subsection (2) of section 440.11, "Exclusiveness of Liability," Florida Statutes, provides in relevant part:
The immunity from liability . . . shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company . . . when such employees . . . are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.
(emphasis added).
For the purposes of section 440.11, "any other employee" of the employer is not subject to an employer's assumption of risk or fellow servant defenses, for example. See § 440.11(1), Fla. Stat. Further, the statutory employer obtains immunity in exchange for its obligation to secure workers' compensation, unless the help supply services company fulfills that duty. See Folds, 875 So.2d at 702.
In sum, section 440.11(2) "creates a rebuttable presumption that a special employer using the services of a temporary employment agency . . . becomes the statutory employer of the borrowed servant." Id. at 703; see also 3 LARSON'S WORKERS' COMPENSATION LAW § 67.05[3] n. 24.1 (2006) ("Under a Florida statute, employees from `help supply services companies' are treated, for workers' compensation purposes, as employees of the employer to whom they have been sent to work." (citing § 440.11(2), Fla. Stat.)).
Here, the parties fit the broad definitions of "employer" and "employee" under the Act. Additionally, the context of section 440.39(7) does not require another meaning to the term "employer" or "employee." Subsection (7) aims to preserve an employee's claim against a third party tortfeasor by requiring an employer to, inter alia, "allow[ ] inspection of premises." This duty necessarily must apply to special or statutory employers like Fine Line that control access to the accident site.
Applying the majority rule under the doctrine of lent employment, Gayer is a borrowed employee of Fine Line because Labor Finders merely arranged for Gayer's labor, without providing heavy equipment. Applying the three Varney factors, Fine Line is also Gayer's special employer because the record shows that Fine Line assumed control of Gayer by ordering Gayer to work on Fine Line's site with Fine Line's tools, Gayer consented by undertaking the assignment and climbing the provided ladder, and the work was for Fine Line's benefit because Gayer was working on the renovation project awarded to Fine Line. A special employer, in turn, also meets the definition of "employer" because the special employer carries on employment.
Fine Line's argument that it did not have an employment relationship with Gayer because it did not directly pay or provide benefits to Gayer is not persuasive because Gayer does not assert an actual, but a special employment relationship, where payment of wages is not a factor. Even where an actual employer/employee relationship is argued, the right of control is more indicative than payment of wages.
As a special employer using the services of Labor Finders, a help supply services company, Fine Line is a statutory employer under section 440.11(2), Florida Statutes. Although section 440.11(2) states *429 that "a borrowed employee . . . for the purposes of this section, shall be treated as any other employee of the employer," the emphasized language refers to the defenses in subsection (1) of section 440.11, rather than suggest that a statutory employer is not subject to the rest of the Act.
Finally, whether Fine Line had notice of Gayer's request to preserve the ladder is not an issue on appeal. We conclude that a special employer of a borrowed employee fits the definition of "employer," as that term is used in section 440.39(7), and remand for further proceedings on the spoliation claim.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The first element is met because Gayer claims that due to Fine Line negligently losing the ladder, Gayer cannot pursue a product liability claim against the manufacturer or distributor of the ladder.
[2] The purpose of the Act is "to benefit employee and employer alike, in that [it] provide[s] for employers a liability that is limited and determinate, and for employees a remedy that is both expeditious and independent of proof of fault." Shaw v. Cambridge Integrated Servs., 888 So.2d 58, 61-62 (Fla. 4th DCA 2004) (citation omitted).
[3] However, in a first party spoliation claim, where the spoliator is also the tortfeasor, the supreme court recently held that no independent cause of action for spoliation exists. Martino v. Wal-Mart Stores, Inc., 908 So.2d 342, 347 & 346 n. 2 (Fla.2005) (noting that the decision did not "consider[ ] whether there is a cause of action against a third party for spoliation of evidence").
[4] This element is also described as requiring "a contract for hire, express or implied, between the special employer and the employee." Horn v. Tandem Health Care, 862 So.2d 938, 940 (Fla. 2d DCA 2004) ("The evidence of a contract creating a special employment must amount to a clear demonstration of a deliberate and informed consent by the employee." (internal quotations omitted)).