PER CURIAM.
The appellants, Pensacola Christian College (PCC) and Robert Maddox, appeal a non-final order in favor of the appellee, Joyanne Bruhn, upon a finding that PCC and Maddox were not entitled to worker’s compensation immunity as a matter of law. Because the trial court erred in determining that PCC was not Bruhn’s employer and that her injury was not sustained in the course and scope of employment, we reverse.
In the fall of 2004, Joyanne Bruhn was a full-time student at PCC, living on campus. On December 16, 2004, Bruhn entered into a Special Hourly Work Contract with PCC. One of the contract terms was that the “[sjtudent agrees to work where needed, and understands that this contract may be assigned to an affiliate of PCC, if needed.” Under the terms of the contract, Bruhn was assigned to work at A Beka Books, Inc. (“A Beka Books”), an affiliate of PCC located on the PCC campus.
On the day of the accident, Bruhn had taken a lunch break and was returning to work at A Beka Books when the bicycle she was riding collided with a PCC van driven by Maddox, a student-employee of PCC. The accident occurred at an intersection on the PCC campus in front of the PCC Administration Building. Following the accident, Tim Tate, a risk manager for PCC, submitted a workers’ compensation claim on behalf of Bruhn. In his deposition, Tate stated that Bruhn was covered by PCC’s workers’ compensation policy because “[s]he was an employee who sustained an injury during a reportable period[,]” explaining that “[s]he was off the clock but she was on the company premises returning to work.” Tate also explained that PCC purchased one corporate policy of workers’ compensation insurance for all its subsidiaries and affiliates, including A Beka Books, Inc. and A Beka Services, Ltd.
On November 17, 2009, Bruhn filed suit against PCC and Maddox seeking damages for injuries she sustained in the 2006 accident, alleging that Maddox was negligent and PCC was vicariously liable for the negligence of its employee. On November 10, 2010, PCC and Maddox filed a motion for summary judgment asserting workers’ compensation immunity because PCC was Bruhn’s employer at the time of the injury and Bruhn was injured on PCC’s premises. After hearing argument from the parties, the trial court issued an order denying the motion for summary judgment, concluding that Bruhn was not an employee of PCC, but was instead an employee of A Beka Books:
*1049 The Court finds that although the Special hourly Work Contract was executed by Plaintiff and Pensacola Christian College, Plaintiffs employer was A Beka Services, Ltd. and Plaintiff worked at the Distribution Center of A Beka, Inc. These are separate legal entities and the Court finds that Pensacola Christian College was not Defendant’s employer.
The trial court also ruled that even if PCC were Bruhn’s employer, the injury did not occur in the course of her employment because the injury did not occur on the premises of A Beka Books:
Even if Pensacola Christian College is to be considered Plaintiffs employer, the question arises as to whether the entire college campus which contains multiple free standing buildings and parking lots for those buildings constitutes “on the employer’s premises” for the purpose of determining that the workers’ compensation immunity applies to Pensacola Christian College.... The premises of A Beka Books, Inc. Distribution Center do not encompass the entire campus of Pensacola Christian College.
In this appeal of the trial court’s non-final order, our scope of review is limited to determining whether the trial court erred in denying summary judgment based on its conclusion that PCC and Maddox are not entitled to worker’s compensation immunity. Fla. R.App. P. 9.130(a)(3)(C)(v); Ramos v. Univision Holdings, Inc., 655 So.2d 89 (Fla.1995).
The Florida workers’ compensation system provides the exclusive remedy for an employee injured in the course and scope of employment. See § 440.11, Fla. Stat. (2006); Jones v. Martin Elecs., Inc., 932 So.2d 1100, 1104 (Fla.2006). Accordingly, employers are generally immune from liability in negligence actions brought by employees for injuries occurring in the course and scope of employment. Id. Two exceptions to workers’ compensation immunity exist: (1) when the employer fails to secure workers’ compensation coverage; or (2) when the employer commits an intentional tort. See Gustafson’s Dairy, Inc. v. Phiel, 681 So.2d 786, 790 (Fla. 1st DCA 1996). Here, it is undisputed that PCC secured worker’s compensation coverage both for itself and its affiliate A Beka Books, and Bruhn does not allege an intentional tort in her complaint against PCC and Maddox. Because neither exception applies in this case, Bruhn’s sole remedy for an injury occurring in the course and scope of her employment is provided by the Florida workers’ compensation law. See, e.g., Aguilera v. Inservices, Inc., 905 So.2d 84, 90-91 (Fla.2005). Therefore, whether PCC and Maddox are entitled to workers’ compensation immunity turns on (1) whether Bruhn was an employee of PCC; and (2) whether her injury occurred within the course and scope of employment.
The trial court erred in determining that PCC was not Bruhn’s employer, simply because she worked (on campus) at A Beka Books. An employee may work for more than one employer, even while doing a single job.
“Long before the enactment of the statutory special employment provision for employees of help supply services companies, the common law recognized the ‘borrowed servant’ doctrine.” [St. Lucie Falls Prop. Owners Ass’n v. Morelli, 956 So.2d 1283, 1286 (Fla. 4th DCA 2007) ]. Under this common law doctrine, one employer can “lend” its employee to another “special employer.”
Fossett v. Se. Toyota Distribs., LLC., 60 So.3d 1155, 1157-58 (Fla. 1st DCA 2011) (“A special employer qualifies as such where ‘(1) there was a contract for hire, either express or implied, between the special employer and the employee; (2) the *1050 work being done at the time of the injury was essentially that of the special employer; and (3) the power to control the details of the work resided with the special employer.’ ” (quoting Morelli, 956 So.2d at 1286)).
“ ‘When all three of the above conditions are satisfied in relation to both employers, both employers will ... have the benefit of the exclusivity defense for tort claims.’ ” Hazealeferiou v. Labor Ready, 947 So.2d 599, 603 (Fla. 1st DCA 2007) (quoting 3 Arthur Larson & Lex K. Larson, Larson’s Worker’s Compensation Law § 67.01 (2006)). See Roberts’ Fish Farm v. Spencer, 153 So.2d 718, 721 (Fla.1963) (“No doubt there may be circumstances where two or more such entities may be both interested in the employment [so] as to have the status of common or joint employers.”); Crawford v. Fla. Steel Corp., 478 So.2d 855, 859 (Fla. 1st DCA 1985) (noting that “continuance of the general employment is presumed in any lent-employee situation, and to overcome this presumption, there must be a clear demonstration that a new temporary employer has been substituted for the old”). See also Beaver v. Jacuzzi Bros., Inc., 454 F.2d 284, 285 (8th Cir.1972) (“As a matter of common experience and of present business practices in our economy, it is clear that an employee may be employed by more than one employer even while doing the same work. Biggart v. Texas Eastern Transmission Corp., 235 So.2d 443, 445 (Miss.1970).”).
Here, the record demonstrates that Bruhn entered into an express, written student-employment contract with PCC. There is no indication whatsoever in the record that Bruhn entered into an express or implied contract with A Beka Books. Under the terms of Bruhn’s contract with PCC, Bruhn agreed “to work where needed,” and she acknowledged that she understood “this contract may be assigned to an affiliate of PCC, if needed.” The record supports that A Beka Books was an affiliate of PCC. Thus, under the terms of Bruhn’s contract with PCC, she was an employee of PCC even though she was assigned to work with the affiliate, A Beka Books.
The only support cited by the trial court regarding its ruling that A Beka Books was Bruhn’s “actual” employer was a W-2 statement of Bruhn’s 2005 wages earned at A Beka Books, and the court’s determination that A Beka Books “is a separate legal entity from Pensacola Christian College and possesses a separate FIN/EIN number than does Pensacola Christian College.” However, the record on appeal does not support either finding. Moreover, a W-2 form is not conclusive evidence of an employment relationship. See Verchick v. Hecht Invs., Ltd., 924 So.2d 944, 945-46 (Fla. 3d DCA 2006) (holding that W-2 tax forms alone did not establish an employment relationship). Rather, as this court stated in Hoar Construction v. Varney, 586 So.2d 463 (Fla. 1st DCA 1991), “[t]he payment of wages is the least important factor” in determining an employment relationship. Id. at 464. Because neither the law nor the record on appeal supports the trial court’s ruling, the trial court erred in denying the motion for summary judgment based on lack of an employment relationship between PCC and Bruhn.
Further, the trial court erred in ruling that even if PCC were Bruhn’s employer, her injury did not occur in the course of her employment because she was not injured on the employei’’s premises. As a general rule where employees have fixed hours and a place of work, injuries which occur on the employer’s premises while the employee is going to and from work, before or after working hours, or at lunchtime, are compensable. See, e.g., Doctor’s Bus. Serv. Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986); Johns v. State *1051 Department of Health and Rehabilitative Services, 485 So.2d 857 (Fla. 1st DCA 1986); City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla.1954). Conversely, if the injury occurs off the premises, the injury will not be compensable unless the injury “is caused by a special hazard on a normal and customary route used by the employee as a means of entry to and exit from the employee’s place of work.” Doctor’s Bus. Serv. Inc., 498 So.2d at 663.
Here, the trial court concluded that Bruhn’s injury could not have occurred in the course of her employment with PCC because the accident did not occur on the premises of A Beka Books, finding “[t]he premises of A Beka Books ... does not encompass the entire campus of Pensacola Christian College.” However, it is clear that PCC was Bruhn’s employer and that she was on the premises of PCC, returning to work at the A Beka Books Distribution Center after a lunch break at the time she sustained her injury. See Warren’s Case, 326 Mass. 718, 97 N.E.2d 184 (1951) (holding that an employee’s injury while on college grounds to report for first day of work, before he reached either the administration building, where he was to complete payroll forms, or the athletic field house where he was to do the work, was an injury suffered in the course of the employment); Lemming v. Univ. of Cincinnati, 41 Ohio App.3d 194, 534 N.E.2d 1226, 1227 (1987) (holding the employee was “clearly within the zone of her employment, even though not at her work station, because she was on the university’s premises (the campus)”); Davis v. State of Conn./Univ. of Conn., 4212 CRB-2-00-3 (2001) (concluding that an employee injured while crossing a street to eat lunch at a restaurant also located on campus sustained a compensable injury, because “as a matter of law, the grounds of an entire college campus constitute its ‘premises,’ rather than simply the building or buildings in which an employee happens to regularly work”). See generally In the Matter of Anneliese Ross and Dep’t of the Army, 42 E.C.A.B. 371 (1991) (holding that a civilian employee, injured when her automobile was hit by a military vehicle while she was driving on a road on the employer’s premises (the military base) to report to work, sustained a compensable injury under the Federal Employees’ Compensation Act); In the Matter of Gordon R. Woodruff and Dep’t of the Army, U.S. Missile Command, 1989 WL 221872 (Empl.Comp.App.Bd. May 26, 1989) (same). But see State v. Indus. Comm’n, 4 Wis.2d 472, 90 N.W.2d 397 (1958). Because Ms. Bruhn was on her employer’s premises, returning to her work station after lunch, she was within the course and scope of her employment at the time of the injury.
We, therefore, reverse the court’s non-final order denying the motion for summary judgment. On remand, the trial court is instructed to enter summary judgment in favor of PCC.
REVERSED AND REMANDED.
BENTON, C.J., HAWKES, and ROWE, JJ., concur.